[No. C023509. Third Dist. Aug. 20, 1997.]

THE PEOPLE, Plaintiff and Appellant, v.
FRANK WYNN PROTHERO, Defendant and Respondent.

COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Robert E. Venturi and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Appellant.

Rita Barker, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**RAYE, J.**—Defendant pleaded guilty to failure to register as a sex offender (Pen. Code, § 290, subd. (f); further statutory references are to this code) and admitted a "strike" allegation (§§ 667, subds. (b)-(i), 1170.12). Over the People's objection, the trial court declared the offense to be a misdemeanor (§ 17, subd. (b)(3)), suspended imposition of sentence and placed defendant on probation for three years on the condition he serve one hundred eighty days in Sacramento County jail.

The People appeal (§ 1238, subds. (a)(9), (10); *People* v. *Trausch* (1995) 36 Cal.App.4th 1239, 1243, fn. 5 [42 Cal.Rptr.2d 836] [unlawful sentence]; *People* v. *Booker* (1994) 21 Cal.App.4th 1517, 1520-1521 [26 Cal.Rptr.2d 715] [order dismissing part of action]), contending section 290, subdivision (g) mandated a felony sentence. We agree and shall remand for resentencing.

The underlying facts are undisputed: In February 1990 defendant was convicted of child molestation (§ 288, subd. (a)) and was placed on five years' probation. On December 6, 1995, a Sacramento sheriff's detective contacted defendant at his then current residence on Auburn Boulevard. Defendant's landlady told the detective that defendant had been renting the small cottage at that address since September 12, 1995. Defendant had failed to register this new address with the proper authorities within 10 days of having moved from his last known address.

Section 290, subdivision (g)(2) provides in relevant part: "[A]ny person who has been convicted of . . . any violation of Section . . . 288 . . . , and who is required to register under this section who willfully violates this section is guilty of a felony punishable by imprisonment in the state prison for 16 months, or two or three years."[1]  ▮  The apparent clarity of this language to the contrary notwithstanding, defendant asserts the language is

---

[1]Section 290, subdivision (g), provides:
"(g)(1) Any person who is required to register under this section based on a misdemeanor

rendered ambiguous by subdivision (g)(3), second paragraph, which provides in relevant part: "A person punished pursuant to this paragraph or paragraph (2) *shall be sentenced to serve a term of not less than 90 days nor more than one year in a county jail.* In no event does the court have the power to absolve a person who willfully violates this section from the obligation of spending at least 90 days of confinement in a county jail and of completing probation of at least one year." (Italics added.)

While conceding the language "is not as straightforward as most wobblers," defendant argues the second paragraph of section 290, subdivision (g)(3) imposes a misdemeanor sentence as an alternative to the felony sentence imposed in the first paragraph of subdivision (g)(2). The sum effect therefore is to create an alternative felony-misdemeanor, a "wobbler" in the popular lexicon. According to defendant, this textual analysis is supported by legislative history and a plethora of statutory canons. After briefing in this case was completed, the Sixth District decided *People* v. *Carranza* (1996) 51 Cal.App.4th 528 [59 Cal.Rptr.2d 134] which accepted defendant's

---

conviction who willfully violates this section is guilty of a misdemeanor punishable by imprisonment in a county jail not exceeding one year.

"(2) Notwithstanding paragraph (1), any person who has been convicted of assault with intent to commit rape, oral copulation, or sodomy under Section 220, any violation of Section 264.1 or 289 under Section 220, any violation of Section 261, any offense defined in paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to state prison, *any violation of Section* 264.1, 286, *288*, 288a, 288.5, or 289, subdivision (b) of Section 207, or kidnapping, as punishable pursuant to subdivision (d) of Section 208, and who is required to register under this section who willfully violates this section *is guilty of a felony punishable by imprisonment in the state prison for 16 months, or two or three years.*

"(3) Any person required to register under this section based on a felony conviction who willfully violates this section or who has a prior conviction for the offense of failing to register under this section and who subsequently and willfully commits that offense is, upon each subsequent conviction, guilty of a felony and shall be punished by imprisonment in the state prison for 16 months or two or three years.

"A person punished pursuant to this paragraph *or paragraph (2) shall be sentenced to serve a term of not less than 90 days nor more than one year in a county jail.* In no event does the court have the power to absolve a person who willfully violates this section from the obligation of spending at least 90 days of confinement in a county jail and of completing probation of at least one year.

"If the person has been sentenced to a term of imprisonment in the state prison, the penalty described in this paragraph shall apply whether or not the person has been released on parole or has been discharged from parole.

"(4) If, after discharge from parole, the person is convicted of a felony as specified in this subdivision, he or she shall be required to complete parole of at least one year, in addition to any other punishment imposed under this subdivision. A person convicted of a felony as specified in this subdivision may be granted probation only in the unusual case where the interests of justice would best be served. When probation is granted under this paragraph, the court shall specify on the record and shall enter into the minutes the circumstances indicating that the interests of justice would best be served by the disposition." (Italics added.)

argument.[2] For the reasons which follow, we disagree with defendant and *Carranza;* we conclude defendant's offense was a felony.

■ Guiding our analysis of section 290, subdivision (g)(3) is the fundamental principle that the judicial role in applying a statutory provision is to ascertain and give effect to legislative intent. Our inquiry into legislative intent must necessarily begin with the language of the statute. When language of a statute is clear on its face, its meaning should be given effect. (*Matson* v. *Dvorak* (1995) 40 Cal.App.4th 539, 547 [46 Cal.Rptr.2d 880].)
■ Subdivision (g)(2) and the first paragraph of subdivision (g)(3) are remarkable for their clarity. In subdivision (g)(2) the Legislature has declared in terms as clear as the English language permits that any person required to register based on conviction of the offenses enumerated in subdivision (g)(2), including section 288, "who willfully violates this section is guilty of a felony punishable by imprisonment in the state prison for 16 months, or two or three years." Admittedly, the clarity of subdivision (g)(2) does not extend to the second paragraph of subdivision (g)(3) wherein the Legislature sought to impose a mandatory minimum term of confinement. The question is whether the awkward phrasing used in that paragraph undermines the clear expression of legislative intent in the preceding paragraphs. We think not.

Contrary to the defendant's perceptions, there is no inherent conflict between the two provisions. Section 290, subdivision (g)(2) makes willful failure to register under the circumstances described a felony but does not address probation. In the absence of restrictive language, a defendant granted probation might serve no actual term of confinement. The mandatory minimum paragraph imposes such restrictions. It expresses the Legislature's intent that a person convicted of a felony of failure to register shall serve a minimum term of confinement even if probation is granted. Defendant suggests the language sets forth an "alternative sentence." However, the provision is not phrased in the alternative; like the preceding language declaring the offense to be a felony, the provision is mandatory ("A person . . . *shall* be sentenced . . ."). It does not give the court discretion to impose a lesser punishment; it compels defendant in all events to be confined for a minimum period of time. The effect is not to provide a lesser alternative to the felony punishment prescribed in subdivision (g)(2) but to increase the real life burden imposed by the preceding paragraphs.

At oral argument counsel for defendant attached great significance to the phrase "sentenced to serve a term" asserting that a defendant required to

---

[2]Defendant's motion to take judicial notice of the legislative materials judicially noticed by the *Carranza* court is granted.

serve jail time as a condition of probation is not "sentenced to serve a term." Defendant is partially correct; the Legislature's choice of language is a departure from language historically used to describe probation. However, the words of a statute must be read in context, keeping in mind their statutory purpose. In this context the language clearly imposes a minimum probationary period and jail term. This reading imposes far less strain on the lexicon than defendant's alternative wobbler reading.[3]

Defendant also urges application of the rule of lenity, viz., "when language which is reasonable susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted." (*In re Tartar* (1959) 52 Cal.2d 250, 256-257 [339 P.2d 553].) While the rule of lenity is an appropriate tie breaker when a court is confronted with two equally plausible constructions, we are not so confronted. Defendant's wobbler construction is simply not plausible given the context in which the relevant language appears. The rule of lenity does not compel resort to any construction favoring the defendant.

We also are not persuaded by defendant's invocation of two other canons of construction. Thus, defendant argues we must presume the Legislature does not perform idle acts, a principle with which we do not quarrel. However, from this elementary principle, defendant arrives at a most remarkable conclusion: the Legislature must have intended to change a violation of reporting requirements from a misdemeanor to a wobbler and thereby made it subject to Penal Code section 17, subdivision (b). We agree the Legislature did not perform an idle act. It changed the offense from a misdemeanor to a felony and imposed a mandatory minimum term and conditions of probation. Defendant also cites another rule of construction —that courts may not read substantive language out of a statute—but fails to explain what language is omitted if we adopt the construction urged by the People.

Finding no support for defendant's position in the language of section 290 or the canons of construction cited by him we turn now to *Carranza* and the conclusions it draws from legislative history.

Prior to 1994 violation of registration requirements was a misdemeanor. Section 290, subdivision (f) provided "[a]ny person required to register

---

[3]Similarly, parts of a statute, like separate statutes, must be construed harmoniously. (*People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27].) It would make little sense to declare violation of the reporting requirements a felony in one part of a statute only to provide misdemeanor punishment in another part. Defendant meekly acknowledges this "is not as straightforward as most wobblers." However one should not be required to navigate an obstacle course to discern legislative meaning. We cannot presume such circuitry on the Legislature's part.

under this section who violates any of the provisions thereof is guilty of a misdemeanor." The section further provided that a person required to report by virtue of a prior conviction of section 288 who thereafter "willfully violate[s] [section 290] is guilty of a misdemeanor and shall be sentenced to serve a term of not less than 90 days nor more than one year in the county jail. In no event does the court have the power to absolve a person who willfully violates this section from the obligation of spending at least 90 days of confinement in the county jail and of completing probation of at least one year." (Stats. 1979, ch. 944, § 8, pp. 3256-3257.)

In 1994 the Legislature again considered registration requirements for sex offenders. Several measures were introduced and ultimately enacted following a flurry of amendments.[4] *Carranza*'s discussion of legislative history is largely confined to a review of a single measure, Assembly Bill No. 2500. As the last of four measures containing amendments to section 290 approved by the Governor, Assembly Bill No. 2500 became law, superseding the competing measures. Defendant was prosecuted under section 290 as set forth in Assembly Bill No. 2500.

*Carranza*'s discussion of legislative history is brief. The court recounted the various versions of the bill. It noted the original version[5] and several subsequent amendments of the bill did not alter the punishment from a misdemeanor to a felony. An August 26, 1994, amendment made the offense punishable either by imprisonment or a county jail term. An August 29, 1994, amendment added the language here under discussion.

The court notes the Legislative Counsel's Digest described the bill as providing " 'a violation of these provisions regarding registration of sex offenders shall be a misdemeanor or felony depending upon the number of prior convictions.' " (*People* v. *Carranza, supra,* 51 Cal.App.4th at p. 535.) This description did not change through subsequent amendments. The court also referred to Senate staff analyses of a related measure, Assembly Bill No. 1211, from which it discerned "the motivation for the change [in punishment] appears to have been to increase registration and promote the prosecution of offenders, rather than limit a sentencing judge's discretion." (51 Cal.App.4th at p. 536.) Finally, the court noted that while there were changes in the location of asserted "wobbler" language, "there was no clear statement of intent to create a non-alternative felony." (*Ibid.*) Thus, the court concluded, "Because the Legislature included an alternative sentence of no more than one year in the county jail, the offense is an alternative felony/ misdemeanor." (*Ibid.*)

---

[4]Assembly Bill No. 1211, Assembly Bill No. 2500, Assembly Bill No. 3456, and Assembly Bill No. 3513.

[5]The bill was introduced April 13, 1994.

Even accepting *Carranza*'s sparse account as a definitive statement of section 290's legislative history, we disagree with the conclusions drawn. Obscure statements from staff analyses pertaining to early versions of Assembly Bill No. 1211 provide little insight into the Legislature's motivation in altering punishment for reporting violations and shed no light on the meaning of provisions in Assembly Bill No. 2500.[6] While the *Carranza* court appeared to attach some significance to the timing of amendments to Assembly Bill No. 2500, the point is lost on us. Equally puzzling is the court's citation to the Legislative Counsel's Digest. The opinion quotes portions of the digest pertaining to section 2 of the bill relating to punishment for repeat offenders. The operative amendments to Penal Code section 290 were set forth in section 2.7 of the bill. The light shed on legislative intent by *Carranza*'s incomplete account of legislative history is but a dim flicker. The truly enlightening aspects of section 290's legislative history were not discussed in *Carranza*. They support the conclusions reached herein.

Amendments to section 290 were proposed in four pieces of 1994 legislation, Assembly Bill No. 1211, Assembly Bill No. 2500, Assembly Bill No. 3456 and Assembly Bill No. 3513. Assembly Bill No. 2500 contained eight alternative versions of subdivision (g), which reflected various elements of the other bills. (Stats. 1994, ch. 867, §§ 2, 2.1, 2.2, 2.3, 2.4, 2.5, 2.6 & 2.7.) Assembly Bill No. 2500 specified that if, as it happened, all four bills were enacted and Assembly Bill No. 2500 was enacted last, only section 2.7 of Assembly Bill No. 2500 would become operative.[7]

As noted in *Carranza*, Assembly Bill No. 2500 underwent a series of amendments during its passage through the Legislature. Section 2.7, was amended into its penultimate form by a Senate amendment on August 26, 1994. In that form, section 290, subdivision (g)(1) contained language

---

[6]The *Carranza* court apparently identified Assembly Bill No. 1211 as the model for Assembly Bill No. 2500. As discussed, *post*, the court was incorrect.

[7]The Legislative Counsel's Digest of Assembly Bill No. 1211 states that the bill makes failure to register following conviction of various sex offenses except section 288 an alternate felony-misdemeanor; following conviction of violation of section 288, failure to register is a felony. (Stats. 1994, ch. 864.)

The Legislative Counsel's Digest of Assembly Bill No. 2500 indicates that the primary purpose of the bill is to require the Department of Justice to operate a "900" telephone number program. (Stats. 1994, ch. 867.)

The Legislative Counsel's Digest of Assembly Bill No. 3456 indicates that it was concerned with recordkeeping requirements and circumstances in which persons were relieved of the duty to register. (Stats. 1994, ch. 863.)

The Legislative Counsel's Digest of Assembly Bill No. 3513 indicates that it makes failure to register based on a misdemeanor conviction a misdemeanor, and failure to register based on a felony conviction a felony. (Stats. 1994, ch. 865.)

derived from Assembly Bill No. 1211. It would have provided: "Any person who has been convicted of [specified felonies including section 288], and who is required to register under this section who willfully violates any of the provisions of this section shall be punished by imprisonment *in the state prison for 16 months, or two or three years, or* [*in a county jail for*] *not less than 90 days nor more than one year.*" (Italics added.)[8]

In this form, the bill contained classic "wobbler" language; the felony or misdemeanor status of a section 290, subdivision (g) violation was determined by the penalty imposed. Had the Legislature intended the result reached by *Carranza*, it would have had no reason to alter that language. However, it rejected the well understood "wobbler" language in the very next amendment of the bill on August 29, 1994. The rejection demonstrates that its long-settled meaning no longer was intended; the Legislature does not intend sub silentio to enact statutory language that is has earlier discarded in favor of other language. (See generally, *INS* v. *Cardoza-Fonseca* (1987) 480 U.S. 421, 442-443 [107 S.Ct. 1207, 1219, 94 L.Ed.2d 434,].)

In place of the prior wobbler language borrowed from Assembly Bill No. 1211, the ultimate version of Assembly Bill No. 2500, section 2.7, was crafted from language contained in the August 26, 1994, amendment of Assembly Bill No. 3513. (Assem. Bill No. 3513, § 1.1; cf. §§ 1.4, 1.5, 1.7; see Stats. 1994, ch. 865, § 1.1.) *Carranza*'s reliance on legislative materials relating to Assembly Bill No. 1211 is thus misplaced; the language from Assembly Bill No. 1211 was deleted and language from Assembly Bill No. 3513 substituted. Because Carranza mistakenly believed Assembly Bill No. 1211 was the model for final version of Assembly Bill No. 2500 it wrongly assumed that the August 29, 1994, amendment merely "separated the county jail alternative so that it was not in as close proximity to subdivision (g)(2) as it was in an earlier version of Assembly Bill No. 2500." (*People* v. *Carranza, supra,* 51 Cal.App.4th at p. 536.) As we have seen, the August 29 amendment *rejected* the language creating a "county jail alternative"; in its place, the amendment substituted language that has never created an alternative and cannot be construed to do so now. For these reasons we respectfully decline to follow *Carranza*'s lead.

Because defendant's violation of section 290 was a felony, the trial court was without jurisdiction to declare it a misdemeanor pursuant to section 17. Defendant's admission to misdemeanor probation was an unlawful sentence which must be vacated.

---

[8]This penultimate version of Assembly Bill No. 2500, section 2.7, was patterned on Assembly Bill No. 1211; the ultimate version was patterned on Assembly Bill No. 3513.

## DISPOSITION

The judgment (order of probation) is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Nicholson, Acting P. J., and Sparks, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied November 25, 1997.

---

*Retired Associate Justice of the Court of Appeal, Third District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.