[No. C046395. Third Dist. Jan. 11, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
BRUCE HINKEL, Defendant and Appellant.

**COUNSEL**

Heather MacKay, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Carlos A. Martinez and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HULL, J.**—Pursuant to a negotiated plea agreement, defendant Bruce Hinkel pleaded no contest to possession of cocaine base (Health & Saf. Code, § 11350, subd. (a)), being under the influence of cocaine (Health & Saf. Code, § 11550, subd. (a)), and driving an unregistered vehicle (Veh. Code, § 4000, subd. (a)). The court deferred entry of judgment and ordered defendant to participate in a drug treatment program. (Pen. Code, § 1000 et seq.; all unspecified statutory references are to the Penal Code.) After defendant's probation officer filed a notice of unsatisfactory diversion and moved for entry of judgment on defendant's prior plea, defendant requested and was found eligible for "Prop. 36" probation. (§ 1210.1.) As a condition of his probation, defendant was, again, ordered to participate in a drug treatment program.

Thereafter, defendant participated in the required drug program but was "terminated from treatment for unacceptable behavior by making a threat to the group facilitator" two classes short of completion of the after-care portion of the program. Even so, the trial court allowed him to enroll in a different program so that he could attend the two group sessions he needed to complete the drug treatment program. After attending the final two sessions, defendant petitioned the court to dismiss the charges, expunge his conviction and terminate his probation pursuant to section 1210.1, subdivision (d). The trial court denied the petition without prejudice to renewing it in the future, finding "there is no reasonable cause to believe the defendant will not abuse controlled substances in the future."

Defendant appeals the court's order, contending (1) the trial court applied an incorrect legal standard in denying his petition, (2) the trial court's failure to apply the correct legal standard violated his plea agreement, and (3) the trial court abused its discretion in denying his petition. Because we find the trial court applied the correct legal standard in ruling on defendant's petition and did not abuse its discretion in denying it, we affirm the order.

### FACTS AND PROCEEDINGS

On March 23, 2000, defendant pleaded no contest to possession of cocaine base, being under the influence of cocaine and driving an unregistered vehicle. Defendant was placed on probation and ordered to participate in a drug treatment program under the deferred entry of judgment program (§ 1000 et seq.).

On October 5, 2001, defendant's probation officer filed a notice of unsatisfactory diversion and moved for entry of judgment on defendant's prior plea, alleging defendant failed to provide proof of completion of a drug treatment program and failed to pay certain fines and fees. Defendant requested and was found eligible for "Prop. 36" probation.

On January 25, 2002, defendant was convicted of the underlying offenses and placed on "Prop. 36" probation for a period of five years. As conditions of his probation, defendant was required to participate in a drug treatment program, to refrain from the use of controlled substances unless prescribed by a physician, and to submit to urine testing for alcohol and illegal substances.

In February 2002, defendant enrolled in a drug treatment program and received positive feedback at his progress review hearing before the trial court on June 7, 2002. At the progress review hearing on September 16, 2002, the court noted defendant tested positive for a controlled substance in August 2002.

On December 16, 2002, defendant's probation officer petitioned the court to revoke defendant's probation, alleging defendant violated probation by using methamphetamine and being terminated from his drug treatment program for making a "threat" to the group facilitator. Defendant admitted the violations and his probation was revoked and reinstated with additional terms and conditions, which included enrollment in another drug treatment program to complete the two classes remaining in his treatment program. Defendant was ordered to appear on April 14, 2003, with proof of completion of the treatment program. He failed to appear on April 14 and a warrant was issued for his arrest.

Defendant was arrested on August 9, 2003, and on August 11, 2003, his probation officer petitioned the court to revoke his probation, alleging he violated probation by failing to appear on April 14, 2003. The petition noted "[p]roof has been received showing the Prop. 36 Treatment Program has been completed." Defendant admitted the violation; his probation was revoked and reinstated under the same terms and conditions.

On February 26, 2004, defendant petitioned the court to dismiss the charges, expunge his conviction, and terminate his probation pursuant to section 1210.1, subdivision (d). Defendant submitted a declaration in support of his petition, representing he had paid certain fines and had completed a

drug treatment program as ordered. Defendant also submitted a letter from Robert Chandler of Amador County Alcohol and Drug Services, dated February 27, 2003, which states: "Bruce Hinkle [*sic*] came to the (2) two group sessions he needed to complete his Proposition 36 program he was attending in Sacramento. If you have any further questions please contact me @ . . . ."

After hearing oral argument, the court denied the petition "on the ground that there is no reasonable cause to believe the defendant will not abuse controlled substances in the future." The court's ruling was "without prejudice to refiling the application after a reasonable period of time, after change of circumstances."

### DISCUSSION

"Following the enactment of Proposition 36, the 'Substance Abuse and Crime Prevention Act of 2000,' which took effect July 1, 2001, a defendant who has been convicted of a 'nonviolent drug possession offense' must receive probation and diversion into a drug treatment program, and may not be sentenced to incarceration as an additional term of probation." (*People v. Canty* (2004) 32 Cal.4th 1266, 1272–1273 [14 Cal.Rptr.3d 1, 90 P.3d 1168], citing § 1210.1, subd. (a).)

Once a defendant completes drug treatment, the defendant may petition the court to dismiss the charges. (§ 1210.1, subd. (d).) Section 1210.1, subdivision (d) provides in pertinent part: "At any time after completion of drug treatment, a defendant may petition the sentencing court for dismissal of the charges. If the court finds that the defendant successfully completed drug treatment, and substantially complied with the conditions of probation, the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant. In addition, . . . both the arrest and the conviction shall be deemed never to have occurred. . . . [T]he defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted."

Section 1210, subdivision (c) defines "successful completion of treatment": "The term 'successful completion of treatment' means that a defendant who has had drug treatment imposed as a condition of probation has completed the prescribed course of drug treatment and, as a result, there is reasonable

cause to believe that the defendant will not abuse controlled substances in the future."

Defendant argues the trial court exceeded its statutory authority in denying his petition on the ground that there was "no reasonable cause to believe the defendant [would] not abuse controlled substances in the future." According to defendant, a defendant has "successfully completed drug treatment" in accordance with section 1210.1, subdivision (d) once he has completed the drug treatment program. Defendant asserts the phrase "and, as a result, there is reasonable cause to believe that the defendant will not abuse controlled substances in the future" is to be read to mean there is, as a matter of law, reasonable cause to believe a defendant will not abuse drugs in the future once he has completed the treatment program.

■ "In interpreting a voter initiative such as Proposition 36, we apply the same principles that govern the construction of a statute. [Citations.] ' "Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]" ' [Citations.] ■ [¶] Our first task is to examine the language of the statute enacted as an initiative, giving the words their usual, ordinary meaning. [Citation.] If the language is clear and unambiguous, we follow the plain meaning of the measure. [Citations.] . . . [¶] The language is construed in the context of the statute as a whole and the overall statutory scheme, and we give 'significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose. [Citation.]' " (*People v. Canty, supra,* 32 Cal.4th at p. 1276.)

■ We cannot accept defendant's reading of section 1210, subdivision (c). The plain meaning of the words, and particularly the fact that the statute is written in the conjunctive, compel the conclusion that the court, in order to find that a defendant has successfully completed treatment, must find that a defendant has completed a drug treatment program *and* that, as a result of that program, there is reasonable cause to believe the defendant will not abuse controlled substances in the future. Mere completion of the program is not enough; the court must also find the program was, for the individual defendant, effective to the point that, postcompletion, reasonable cause exists to believe that the defendant will not abuse controlled substances in the future.

The voters who passed Proposition 36 could not have been naive enough to think that completion of a drug treatment program alone would, in all

circumstances, give rise to a reasonable belief a defendant will not further abuse drugs. As a matter of common knowledge, there are many who complete drug programs who, unfortunately, return to a life of substance abuse. The law as enacted obviously and sensibly requires more of a defendant than simple attendance in a drug program if he is to earn the benefits of section 1210, subdivision (c).

Moreover, interpreting the phrase "successfully completed drug treatment" as only requiring attendance in a prescribed drug treatment program would violate the principles of statutory construction that courts "give 'significance to every word, phrase, sentence and part of an act' " (*People v. Canty, supra,* 32 Cal.4th at p. 1276), and not construe statutory provisions "so as to render them superfluous" (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 22 [276 Cal.Rptr. 303, 801 P.2d 1054]). Such an interpretation would read out the term "successfully" in section 1210.1, subdivision (d) and the entire text of section 1210, subdivision (c). Had the voters intended the result defendant now urges on us, they could have accomplished it by wording the statutes such that they required only completed attendance in a drug treatment program. Courts should "not presume that the Legislature performs idle acts" (*Shoemaker, supra,* at p. 22), and we will not do so here with regard to this initiative by ignoring express statutory language.

■ The rule of lenity does not, as defendant suggests, compel a contrary result. That rule applies only when there exists " ' "an egregious ambiguity" ' " such that " 'the court can do no more than guess' " at what was intended. (*People v. Canty, supra,* 32 Cal.4th at p. 1277.) No such ambiguity exists here.

Defendant's reliance on dicta in *Canty* to the effect that mere completion of drug treatment is all that is required, is also unavailing. As defendant concedes, *Canty* did not involve a petition to dismiss the charges or the interpretation of the statutory provisions at issue here. There, the issue was whether driving a vehicle while under the influence of a controlled substance is " 'a misdemeanor not related to the use of drugs.' " (*People v. Canty, supra,* 32 Cal.4th at p. 1273.) In concluding it is not, the court noted that if it were otherwise, a defendant's subsequent conviction for driving under the influence of drugs would be treated as a first offense (the prior conviction having been dismissed under section 1210.1, subd. (d)) and such a result would be contrary to the evident intent of the Vehicle Code. (*Canty, supra,* at p. 1282.) The statements cited by defendant are not necessary to the decision and as such are not binding precedent. (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 376 [8 Cal.Rptr.3d 907].)

Thus, in ruling on defendant's petition, the trial court did not make use of an improper legal standard when it required more than completion of a drug treatment program.

Anticipating this holding, defendant argues the trial court abused its discretion when it failed to find there was reasonable cause to believe that defendant would not abuse controlled substances in the future. Again, we disagree.

As detailed above, dismissal is mandated only upon a finding that the defendant "completed the prescribed course of drug treatment and, as a result, there is reasonable cause to believe that the defendant will not abuse controlled substances in the future." (§§ 1210, subd. (c), 1210.1, subd. (d).)

■ A trial court's ruling will not be disturbed on appeal absent a showing of clear abuse of discretion, that is, " 'the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' " (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124–1125 [36 Cal.Rptr.2d 235, 885 P.2d 1].)

The record on appeal is devoid of any evidence concerning the nature or requirements of the drug treatment program defendant attended or the extent to which he participated in it. The letter from the treatment center states only that defendant came to the two group sessions needed to complete the program. Although the reporter's transcript references progress reports prepared by the treatment facility, those reports are not contained in the record.

■ Given the dearth of information concerning the program and defendant's history of substance abuse, defendant has failed to make a showing of a clear abuse of discretion when the trial court decided that mere completion of a program was not sufficient to allow it to conclude that there was reasonable cause to believe that defendant would not again abuse drugs.

■ Finally, defendant's reliance on the absence of "any evidence that the probation department had concerns about [his] compliance" is misplaced. The burden was on defendant to establish he completed the prescribed course of drug treatment *and*, as a result, there was reasonable cause to believe he would not abuse controlled substances in the future. (§ 1210, subd. (c).) Again he failed to do so.

There was no error.

## DISPOSITION

The order is affirmed.

Blease, Acting P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 13, 2005.