[No. B189988. Second Dist., Div. Six. Apr. 3, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
SALVADOR NAVAR GONZALEZ, Defendant and Appellant.

COUNSEL

Kenneth I. Clayman, Public Defender, and Michael C. McMahon, Chief Deputy Public Defender, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves and Pamela C. Hamanaka, Assistant Attorneys General, Margaret E. Maxwell and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PERREN, J.—Salvador Navar Gonzalez appeals a judgment following a guilty plea to failure of a sex offender to file a change of address. (Pen. Code, § 290, subd. (f)(1).)[1] He contends the trial court erred by failing to exercise its discretion under section 290, subdivision (g)(2) to declare his offense a misdemeanor. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2001, Gonzalez suffered two separate convictions for annoying or molesting a child under the age of 18 (§ 647.6, subd. (a)), and was ordered to register as a sex offender pursuant to section 290. In 2006, Gonzalez was arrested, and told officers that he had been homeless for two years. The officers discovered that his last annual registration as a sex offender had been in April 2004 when he had been informed that, as a transient, he was required to register every 30 days.[2]

Gonzalez was charged with failure to file a change of address (§ 290, subd. (f)(1)), failure to update his registration annually (§ 290, subd. (a)(1)(C)),

[1] All statutory references are to the Penal Code.

[2] The facts are taken from the probation report.

failure to update his registration every 30 days (*ibid.*) and public intoxication (§ 647, subd. (f)). The three section 290 offenses were charged as felonies. In a plea agreement, Gonzalez pleaded guilty to felony failure to file a change of address (§ 290, subd. (f)(1)),[3] and the other charges were dismissed. The trial court suspended imposition of sentence and placed Gonzalez on formal probation subject, among other conditions, to serving 90 days in county jail. The trial court issued a certificate of probable cause permitting this appeal.

## DISCUSSION

Section 290, subdivision (g)(2) provides that failure by a sex offender registrant to notify authorities of a change of address constitutes a felony if the underlying offense requiring registration is a felony. (§ 290, subd. (g)(2).)[4] Subdivision (g)(9) establishes the misdemeanor of providing false information on a registration form and requires additional punishment for that misdemeanor.[5] Gonzalez makes the novel claim that the reference to subdivision (g)(9) in subdivision (g)(2) converts subdivision (g)(2) into a "wobbler" statute because subdivision (g)(9) pertains to a misdemeanor. Based on this claim, Gonzalez contends that the trial court erred by failing to exercise its discretion to impose felony or misdemeanor punishment. (§ 17, subd. (b).) We disagree. The reference to subdivision (g)(9) in subdivision (g)(2) appears misplaced and, perhaps, confusing, but it does not convert subdivision (g)(2) into a statute that gives the court discretion to impose either felony or misdemeanor punishment for a registration violation when registration was required as the result of a felony conviction.

Upon changing address or location, a sex offender registrant must inform the law enforcement agency where the registrant previously resided of

---

[3] In 2006, section 290, subdivision (f)(1)(A), provided: "Any person who was last registered at a residence address pursuant to this section who changes his or her residence address, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state, shall, in person, within five working days of the move, inform the law enforcement agency or agencies with which he or she last registered of the move, the new address or transient location, if known, and any plans he or she has to return to California."

[4] Section 290, subdivision (g)(2) provides in relevant part: "Except as provided in paragraphs (5), (7), and (9), any person who is required to register under this section based on a felony conviction or juvenile adjudication who willfully violates any requirement of this section or who has a prior conviction or juvenile adjudication for the offense of failing to register under this section and who subsequently and willfully violates any requirement of this section is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years. . . ."

[5] Section 290, subdivision (g)(9) provides: "In addition to any other penalty imposed under this subdivision, the failure to provide information required on registration and reregistration forms of the Department of Justice, or the provision of false information, is a crime punishable by imprisonment in a county jail for a period not exceeding one year."

his or her new address or location. (§ 290, subd. (f)(1).) A violation of the statute can be either a misdemeanor or a felony depending on whether the registrant's underlying sex offense was a felony or misdemeanor. (§ 290, subd. (g)(1), (2); *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1196 [39 Cal.Rptr.3d 821, 129 P.3d 29].) Subdivision (g)(1) provides for imprisonment in county jail if the registerable offense is a misdemeanor, while subdivision (g)(2) provides for imprisonment in state prison if the registerable offense is a felony. Section 290, subdivision (g)(2) is a mandatory sentencing provision that requires the imposition of a felony sentence whenever a person is required to register based on an underlying felony sex offense. (See *People v. Prothero* (1997) 57 Cal.App.4th 126, 130, 134 [66 Cal.Rptr.2d 779].)

■ Gonzalez's second section 647.6, subdivision (a) conviction was a felony.[6] Therefore, his current violation of section 290, subdivision (f)(1) was properly charged as a felony (§ 647.6, subd. (c)), and requires a felony sentence pursuant to section 290, subdivision (g)(2). The reference to subdivision (g)(9) in section 290, subdivision (g)(2) does not affect this result by giving the court discretion to impose a misdemeanor punishment.

■ The only reasonable interpretation of the language "[e]xcept as provided in paragraphs (5), (7), and (9)" contained in subdivision (g)(2) is that a sentence for the misdemeanor must be added to the felony sentence otherwise required by subdivision (g)(2). ■ The words of a statute must be read in context consistently with their statutory purpose, and parts of a statute must be construed harmoniously. (*People v. King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27].)

The legislative intent in adding section 290, subdivision (g)(9) in 2005 was to create a substantive crime, not to fundamentally alter section 290, subdivision (g)(2). Subdivision (g)(9) was enacted because "[t]he Department of Justice indicates it has seen a recurring problem in how to charge registrants who either give false information on a registration form or omit required information, and that some courts have rejected these charges because the statute does not specifically recite these violations." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 2527 (2003–2004 Reg. Sess.) June 15, 2004.)

■ While the legislative drafting might have been better, Gonzalez's interpretation of section 290, subdivision (g)(2) is not plausible. Subdivision (g)(2) is a critical element in the section 290 statutory scheme whose manifest purpose is to require a felony sentence for a registration violation

---

[6] Section 647.6, subdivision (c)(1) provides: "Every person who violates this section shall be punished upon the second and each subsequent conviction by imprisonment in the state prison."

when the registration requirement was imposed as the result of the commission of a felony. Gonzalez's position would eviscerate subdivision (g)(2) by allowing a court to sentence a registration violation as a misdemeanor in every case where the registration requirement was imposed as the result of an underlying felony conviction. "We do not abandon our common sense when we become judges." (*People v. Buena Vista Mines, Inc.* (1996) 48 Cal.App.4th 1030, 1036 [56 Cal.Rptr.2d 21].) Section 290, subdivision (g)(2), provides exclusively for felony punishment and section 290, subdivision (g)(9) provides exclusively for misdemeanor punishment. Neither gives the trial court discretion to treat any registration violation as either a felony or misdemeanor.

The judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.