Filed 3/18/14  P. v. Cloud CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C074129 |
| Plaintiff and Appellant, | (Super. Ct. No. 11NCR08591) |
| v. | |
| SHILEE CLOUD, | |
| Defendant and Respondent. | |

Defendant Shilee Cloud pleaded guilty to transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)) and admitted four prior convictions for drug related offenses (Health & Saf. Code, § 11370.2, subd. (c)) and four prior prison terms (Pen. Code, § 667.5, subd. (b); unless stated otherwise, all statutory references that follow are to the Penal Code).  As part of the plea, the People recommended a 17-year state prison term with execution suspended and probation.  The trial court suspended imposition of sentence and placed defendant on five years' probation with drug court conditions.

1

After defendant successfully completed drug court, the trial court discharged defendant from probation and reduced the transportation offense to a misdemeanor.

The People appeal, contending the trial court lacked jurisdiction to reduce the offense to a misdemeanor. Defendant agrees. We shall vacate the order and direct the trial court to submit a corrected order to the Department of Justice.

DISCUSSION

We dispense with the facts of defendant's crime as they are unnecessary to resolve this appeal.

The trial court reduced defendant's felony conviction for transportation of methamphetamine to a misdemeanor pursuant to section 17, subdivision (b)(3).

Section 17 provides in pertinent part: "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

In order to qualify for reduction to a misdemeanor, the offense in question must be a "wobbler," a crime punishable either as a misdemeanor or felony. Offenses only punishable as felonies cannot be declared a misdemeanor pursuant to section 17. (*People v. Prothero* (1997) 57 Cal.App.4th 126, 134.)

"A felony is a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170." (§ 17, subd. (a).) Transportation of a controlled substance is "punished by imprisonment pursuant to

2

subdivision (h) of Section 1170 of the Penal Code for a period of two, three, or four years." (§ 11379, subd. (a).)

Since transportation of a controlled substance is not a wobbler, the trial court lacked jurisdiction to reduce the offense to a misdemeanor. We shall therefore vacate the order reducing the crime.

Finally, we recognize that the trial court prepared a new order striking the prior order after being informed of its error by defendant's appellate counsel. But the trial court had no jurisdiction to make the order because appeal was pending which divested the trial court of subject matter jurisdiction over the judgment. (Code Civ. Proc., § 916; *People v. Nelms* (2008) 165 Cal.App.4th 1465, 1471-1472.)

DISPOSITION

The order reducing defendant's conviction for transportation of a controlled substance to a misdemeanor is vacated. The trial court is directed to enter a corrected order and to submit a certified copy of the corrected order to the Department of Justice.


                                                            HULL , J.


We concur:


BLEASE , Acting P. J.


HOCH , J.