Filed 5/28/14

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NATALIE ANN BURROWS,<br><br>    Defendant and Respondent. | C073271<br><br>(Super. Ct. No. 10SCR06729) |

APPEAL from a judgment of the Superior Court of Glenn County, Donald C. Byrd, Judge.  Reversed with directions.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Jeffrey Grant, Deputy Attorneys General, for Plaintiff and Appellant.

Law Office of Peggy A. Headley and Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Respondent.

In August 2010, defendant Natalie Ann Burrows was charged with two felony offenses -- driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)),[1] driving with a blood-alcohol level at or exceeding 0.08 percent (§ 23152, subd. (b)) -- and the misdemeanor offense of driving with a suspended license (§ 14601.2, subd. (a)). The People further alleged defendant had three prior convictions for driving under the influence. (§§ 23550, 23550.5.)

In January 2011, defendant pleaded no contest to driving with a blood-alcohol level at or exceeding 0.08 percent and admitted the prior convictions. Defendant also admitted to violating her probation in Glenn County Superior Court case No. 09SCR05831. The remaining charges were dismissed in exchange for her plea, along with the probation in case No. 09SCR05831.

In March 2011, the trial court suspended imposition of sentence and placed defendant on three years of formal probation. Among the terms and conditions of probation, defendant was required to complete Glenn County's felony drug court program.

On December 5, 2012, defendant appeared in the trial court for her "drug court graduation." Defendant, her counsel, and probation were present at the graduation; the People were not represented. At the graduation hearing, defendant's counsel made an oral motion to reduce the felony charges to misdemeanors and dismiss them.[2] The trial court granted counsel's motion. On December 27, 2012, the trial court issued a written order reducing the felony charges to misdemeanors, dismissed the charges, and dismissed defendant from probation in the interests of justice.

---

[1]     Undesignated section references are to the Vehicle Code.

[2]     That motion is not recorded in the Reporter's Transcript. It is, however, found in the minutes from the hearing, and the court's ruling on the motion can be found in the record.

The People appeal from the December 27, 2012, order.  On appeal, the People contend the trial court erred in reducing defendant's charges to misdemeanors without giving the People two days' written notice as mandated by Penal Code section 1203.3, subdivision (b)(1).  The People further contend the trial court erred in dismissing the charges against defendant without giving the People 15 days' notice of the petition to dismiss the charges, notice required by Penal Code section 1203.4, subdivision (e)(1).

Defendant does not dispute that the trial court failed to give the required statutory notice, but argues only that the error was harmless because her success on probation was "overwhelming."  Whether defendant's performance on probation was exemplary, the People were still entitled to notice under the statutes.  Defendant cites no authority to the contrary.

Accordingly, we agree the trial court erred both in reducing the charges and in dismissing them.

DISPOSITION

The order reducing the charged offenses to misdemeanors and dismissing those same charges is reversed and the felony charges are reinstated.  Probation also is reinstated.  The matter is remanded to the trial court with instructions to set for hearing (within 60 days of the issuance of the remittitur) defendant's motions to reduce the charged offenses to misdemeanors and to dismiss them.


          NICHOLSON          , J.


We concur:


     RAYE          , P. J.


     ROBIE          , J.


3