Filed 3/17/15  P. v. Skidmore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C075428 |
| Plaintiff and Respondent, | (Super. Ct. No. 13SCR08026) |
| v. | |
| ARMON SKIDMORE, | |
| Defendant and Appellant. | |

The People appeal (Pen. Code, § 1238, subd. (a)(6) & (8))[1] from an order terminating defendant's probation and setting aside the accusatory pleading after a hearing pursuant to section 1210.1, subdivision (e).  The People contend their due process rights were violated because they were not given notice of the hearing.  We agree and reverse.

---

[1] Further undesignated statutory references are to the Penal Code.

1

**FACTS**

In June 2013, defendant's probation was transferred into Glenn County from Yolo County. The Glenn County Probation Department told the Glenn County court that defendant was amenable to and acceptable for probation. He had completed his Proposition 36 drug treatment.[2] At that point, defendant still had about a year remaining on probation. The court accepted the transfer; defendant remained on probation with the same terms and conditions. The Probation Department asked for a review in three months. The court set a hearing for September 11, 2013. The court told defendant, "if everything is copacetic they'll move to dismiss your case."

At that September hearing, the Probation Department asked the court to dismiss defendant from the drug treatment program due to defendant's successful completion thereof. A representative from the treatment program told the court defendant had attended for nine months and "he did everything that he needed to do to do that." The representative also asked that defendant be dismissed from the program.

Defense counsel then asked that defendant's underlying charges be reduced to misdemeanors "if available" and the charges be reinstated and dismissed. The court noted it did not know what defendant was on probation for, and the probation officer said defendant was on probation for "11379 of the Health and Safety Code."[3] The court told

---

[2] "Following the enactment of Proposition 36, the 'Substance Abuse and Crime Prevention Act of 2000,' which took effect July 1, 2001, a defendant who has been convicted of a 'nonviolent drug possession offense' must receive probation and diversion into a drug treatment program, and may not be sentenced to incarceration as an additional term of probation." (*People v. Canty* (2004) 32 Cal.4th 1266, 1272-1273, citing § 1210.1, subd. (a).)

[3] The record does not reveal the exact nature of defendant's crime. Transportation for personal use is a nonviolent drug possession offense subject to Proposition 36. (§ 1210, subd. (a).) In 2013, Health and Safety Code section 11379 was amended to define "transports" as "to transport for sale." (Health & Saf. Code, § 11379, subd. (c); Stats. 2013, ch. 504, § 2.)

2

defendant, "Well, Mr. Skidmore, you've successfully completed the program, and the reward for that is to reinstate your criminal charges and dismiss them." The court (Twede, J.) then dismissed the charge.[4] It did not orally address the request to reduce the felony conviction to a misdemeanor; the minute order indicated in part that defendant's motion to reduce any felonies "that apply" to misdemeanors was granted.

Over a month later, an order was filed, signed by a different judge (Byrd, J.). The order recited that notice had been given to "the District Attorney, the Probation Department, and Treatment of [the] hearing and the opportunity to appear and provide information on this matter." The court found defendant eligible for relief under section 1210.1, subdivision (d)(1), and granted the request to set aside the conviction and dismiss the complaint/information. This final order did not purport to reduce the charge to a misdemeanor before its dismissal. The People timely appealed this order.

## DISCUSSION

### I

### *The People's Right to Notice*

The People contend they had a due process right to notice of the hearing held pursuant to subdivision (e) of section 1210.1. They are correct.

Section 1210.1, subdivision (e)(1) provides in pertinent part: "At any time after completion of drug treatment and the terms of probation, the court shall conduct a hearing, and if the court finds that the defendant successfully completed drug treatment, and substantially complied with the conditions of probation, including refraining from the use of drugs after the completion of treatment, the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or

---

[4] Although defense counsel and the court consistently referred to "charges," it appears that the only conviction at issue is defendant's violation of section 11379 of the Health and Safety Code, although the record we were provided is not entirely clear on this point.

3

information against the defendant. . . . The defendant may additionally petition the court for a dismissal of charges at any time after completion of the prescribed course of drug treatment."

Section 1210, subdivision (c) defines "successful completion of treatment" to mean "that a defendant who has had drug treatment imposed as a condition of probation has completed the prescribed course of drug treatment . . . and, as a result, there is reasonable cause to believe that the defendant will not abuse controlled substances in the future." "Mere completion of the program is not enough; the court must also find the program was, for the individual defendant, effective to the point that, postcompletion, reasonable cause exists to believe that the defendant will not abuse controlled substances in the future." (*People v. Hinkel* (2005) 125 Cal.App.4th 845, 851.)

The People have a right to due process of law in criminal cases. (Cal. Const., art. I, § 29.) The People's due process right to notice of a hearing in a criminal case was discussed in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279 at pages 1297-1298 *(Kaulick)*: "[D]ue process requires that the prosecution be afforded notice and an opportunity to be heard. 'The parties to a criminal action are the People, in whose sovereign name it is prosecuted, and the person accused . . . .' [Citation.] 'Once, as here, the adversary nature of a proceeding is established, then it follows that notice of all motions must be given whenever the order sought may affect the right of an adverse party. [Citations.] Correlative to the foregoing is the further rule that a court, after any judicial order regularly made, may not enter another and different order without notice to the adverse party.' [Citation.] '[N]otices must be given of any application where the rights of an adverse party are affected, even though no statute, as here, specifically requires it.' [Citation.] ' "A judicial decision made without giving a party an opportunity to present argument or evidence in support of his contention 'is lacking in all the attributes of a judicial determination.' " ' [Citation.]"

Defendant contends *Kaulick* is distinguishable because it involved an adversarial proceeding and this case does not. In *Kaulick*, the hearing at issue was a hearing for resentencing under the Three Strikes Reform Act of 2012. (*Kaulick, supra,* 215 Cal.App.4th at p. 1285.) Resentencing under that act requires a hearing on the defendant's dangerousness. (§ 1170.126, subd. (f).) Defendant contends here there was no issue as to defendant's dangerousness, only whether he complied with the requirements of Proposition 36, and both the probation department and treatment declared that he had.

We do not find the trial court's role as ministerial as defendant suggests. In addition to finding that defendant completed drug treatment and substantially complied with the terms of probation (§ 1210.1, subd. (e)), the court must also find "cause exists to believe that the defendant will not abuse controlled substances in the future." (*People v. Hinkel, supra,* 125 Cal.App.4th at p. 851.) This finding--relating to the effect defendant's future actions will have on society--is analogous to the finding of dangerousness in *Kaulick*. As in that case, here too due process requires notice to the People.

Contrary to defendant's assertion, this case is somewhat similar to *People v. Burrows* (2014) 226 Cal.App.4th 811, in which the trial court reduced defendant's felony charges to misdemeanors and then dismissed them upon her "drug court graduation," without giving notice to the People. We reversed, finding the court erred in failing to give the People notice as required by section 1203.3, subdivision (b)(1) (two-day notice required for modification of probation) and 1203.4, subdivision (e)(1) (15-day notice required to dismiss charges). (*Burrows, supra,* at p. 813.)

Defendant contends reinstating his conviction and probation is contrary to the purpose and intent of Proposition 36. Nothing in Proposition 36, however, indicates an intent to dispense with the notice requirements of due process.

5

## II

### *Whether Notice Was Properly Provided*

The order recites that notice was given to the District Attorney. "There is a presumption that official duties have been regularly performed. (Evid. Code, § 664 ["[i]t is presumed that official duty has been regularly performed"].) That presumption may be rebutted when 'irregularity is clearly shown.' [Citations.]" (*In re Hare* (2010) 189 Cal.App.4th 1278, 1292.) The People contend no such notice was given and offer numerous reasons why the recitation in the order should be found inaccurate. Tellingly, defendant does not dispute the People's claim that they received no notice.

We agree with the People that the record supports the conclusion that no notice was provided to them. The record contains no proof of service for any notice and the order does not state how or when notice was given. The order was signed a month later by a different judge than the one who presided over the hearing, thus that judge had no personal knowledge of notice being given. Further, the People have augmented the record to include a declaration from the appeals clerk of Glenn County stating: "There was no notice provided to the District Attorney regarding the hearing scheduled on September 11, 2013."

Because the People were not given notice of the hearing, the resulting order must be reversed.[5]

___

[5] The People read the minute order as purporting to reduce defendant's conviction for violating Health and Safety Code section 11379 from a felony to a misdemeanor pursuant to section 17, subdivision (b)(3). They argue the trial court erred in doing so because the crime is punishable *only* as a felony. Defendant does not address the propriety of any reduction, arguing only that reduction was "not necessary" due to the felony's subsequent set aside and dismissal. It is unclear to us whether the court intended to reduce the felony; to the extent that it did, we agree with the People. A violation of Health and Safety Code section 11379 is punishable by three, four, or five years in state prison, or three, six, or nine years for transportation into a noncontiguous county. (*Id*., subds. (a) & (b).) When the crime is a felony, the trial court is "without jurisdiction to declare it a

**DISPOSITION**

The order terminating defendant's probation is reversed, together with all accompanying orders. Any felony charges addressed by the termination order are reinstated, as is probation. The matter is remanded to the trial court with instructions to set the matter for hearing regarding defendant's probationary status (within 60 days of the issuance of the remittitur), with proper notice to the People.

                                          _____DUARTE_____, J.


We concur:


_____HULL_____, Acting P. J.


_____MAURO_____, J.

---

misdemeanor pursuant to section 17." (*People v. Prothero* (1997) 57 Cal.App.4th 126, 134.) To the extent that the minute order purporting to reduce any felonies "that apply" arguably purported to reduce defendant's felony violation of that statute, the order was error and should not be repeated.

7