Filed 4/30/15  P. v. Wright CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | C074134 |
| v. | (Super. Ct. No. 11NCR08871) |
| BOBBIE MARIE WRIGHT, | |
| Defendant and Respondent. | |

In September 2011, defendant Bobbie Marie Wright was charged with transportation of a controlled substance, methamphetamine, in violation of former Health and Safety Code section 11379 (Stats. 2001, ch. 841) and possession of drug paraphernalia in violation of Health and Safety Code section 11364.  Following the preliminary hearing, defendant was held to answer to those same charges.

On April 3, 2012, the trial court conducted a bench trial based on the transcript of the preliminary examination.  The court found defendant guilty on both counts and referred the matter to the probation department for evaluation under Proposition 36.  The

1

trial court subsequently granted defendant three years of probation under Proposition 36 and ordered her to pay various fines and fees.

After defendant successfully completed Proposition 36 drug court, the trial court discharged defendant from probation, reduced the transportation felony offense to a misdemeanor, and set aside her conviction.

The People appeal, contending the trial court lacked jurisdiction to reduce the felony offense to a misdemeanor. Defendant argues the error was harmless because defendant "was entitled to have her conviction abated" pursuant to the subsequent revisions to Health and Safety Code section 11379. Defendant's argument lacks merit. We vacate the order and direct the trial court to submit a corrected order to the Department of Justice.

## DISCUSSION

The trial court reduced defendant's felony conviction for transportation of methamphetamine to a misdemeanor pursuant to Penal Code section 17, subdivision (b)(3).[1]

Section 17 provides in pertinent part: "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

---

[1]     Undesignated statutory references are to the Penal Code.

In order to qualify for reduction to a misdemeanor, the offense in question must be a "wobbler," a crime punishable either as a misdemeanor or felony. Offenses only punishable as felonies cannot be declared a misdemeanor pursuant to section 17. (*People v. Prothero* (1997) 57 Cal.App.4th 126, 134.)

"A felony is a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170." (§ 17, subd. (a).) Transportation of a controlled substance is "punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of two, three, or four years." (Health & Saf. Code, § 11379, subd. (a).)

Since transportation of a controlled substance is not a wobbler, the trial court lacked jurisdiction to reduce the offense to a misdemeanor. We therefore vacate the order reducing the crime.

Defendant contends the trial court's error was, in essence, harmless because she was entitled to benefit from the 2014 amendment to Health and Safety Code section 11379, which defined "transport" to mean transportation for sale. (Health & Saf. Code, § 11379; see also Assem. Bill No. 721, approved by Governor, Oct. 3, 2013, Assem. Final Hist. (2013-2014 Reg. Sess.) p. 95.) We disagree because the harmless error doctrine is inapplicable when a court acts without jurisdiction. (See *People v. Saunoa* (2006) 139 Cal.App.4th 870, 872-873 [trial court lacked jurisdiction to conduct retrial before remittitur issued, harmless error inapplicable]; see also *In re Marriage of Jackson* (2006) 136 Cal.App.4th 980, 997 [trial court ruling made in excess of its jurisdiction is not subject to harmless review analysis on appeal].)

## DISPOSITION

The order reducing defendant's conviction for transportation of a controlled substance to a misdemeanor and setting aside the conviction is reversed. The trial court

is directed to enter a corrected order and to submit a certified copy of the corrected order to the Department of Justice.

                                        _____HOCH_____, J.

We concur:

_____ROBIE_____, Acting P. J.

_____MAURO_____, J.