[No. B160672. Second Dist., Div. One. May 30, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERTO S. GUZMAN, Defendant and Appellant.

**COUNSEL**

Cynthia A. Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, and Victoria B. Wilson and Marc J. Nolan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SPENCER, P. J.**—

### INTRODUCTION

The trial court placed defendant Roberto S. Guzman on drug treatment probation pursuant to Proposition 36 in two separate cases. Defendant thereafter failed to comply with any of the trial court's directives. He did not report to the drug treatment center or to his probation officer. He instead left the country, absconding from the jurisdiction of the trial court. Upon his return to the United States, defendant did not report voluntarily to his probation officer or the drug treatment center. He appeared in court involuntarily only after being arrested on a bench warrant.

At the ensuing probation violation hearing, the trial court determined that defendant had refused drug treatment and thus was not amenable to treatment pursuant to Proposition 36. The trial court revoked his Proposition 36 probation and ordered, among other things, that he spend 180 days in county jail as a condition of his newly imposed non-Proposition 36 probation. Defendant challenges his sentence, contending that the trial court lacked the authority to terminate his Proposition 36 probation. We disagree and affirm the judgments.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 2 and October 11, 2001, defendant possessed cocaine in violation of Health and Safety Code section 11350, subdivision (a). On October 17, in case No. PA039097, defendant pled guilty to his July 2 offense, and on October 24, in case No. PA039614, defendant entered a guilty plea to his October 11 offense.

At the sentencing hearing held on October 25, 2001, the trial court suspended imposition of sentence as to each case and placed defendant on formal probation for three years under the terms and conditions of Proposition 36. The trial court imposed other conditions of probation as well.

In addition, the court ordered defendant to report to a community assessment service center, San Fernando Valley Mental Health Center, in Tarzana.

The trial court released defendant "to go forthwith to the designated program." The trial court then continued the matter to November 8, 2001, for a Proposition 36 progress report.

After leaving the courtroom on October 25, 2001, defendant did not report to his probation officer for supervision and did not report to the drug treatment facility as ordered. He instead went to Mexico to visit his mother, who was ill.[1] Defendant remained in Mexico for five months.

As a result, defendant failed to appear in court on November 8, 2001. After confirming receipt of a report stating that defendant never reported to the drug treatment center, the trial court revoked defendant's Proposition 36 probation and issued a bench warrant. Defendant, an undocumented alien, was arrested following his return to the United States.

On June 28, 2002, defendant involuntarily appeared in court on the bench warrant. At that time, the trial court inquired if defendant was "willing to admit a violation of probation in each of these cases without a formal hearing. And if he is, whether the court should find concurrent first violations or find, because of the fact he simply absconded and did not return[] voluntarily, he's still amenable to treatment under Proposition 36."

Defense counsel represented that defendant was prepared to admit a probation violation, inasmuch as he had failed to return to court and did not go to the Tarzana treatment center as he had been ordered to do. Counsel further expressed defendant's desire to "have another chance at Prop 36." The trial court then asked counsel, "Does your client wish to offer any explanation for his actions thus far for his failing to abide by the court's order and get himself into treatment, or does he want me to accept the fact that now he wants to because he's been caught?" Defense counsel responded, "Well, he indicated to me that there was a family emergency in Mexico that kept him there for some time. Other than that, there is no further explanation."

The prosecutor asked the court to construe defendant's actions as a refusal to accept drug treatment as a condition of probation within the meaning of Penal Code section 1210.[2] The prosecutor emphasized that defendant "never reported to Tarzana" and "never took the first step other than being sentenced and released from custody." In addition, he failed to show up on November 8, 2001, and was picked up involuntarily.

In response, defense counsel argued that defendant's conduct could not be deemed a refusal of treatment but rather had to be assessed in accordance

---

[1]The record does not reveal the exact date on which defendant left the United States.

[2]All statutory references hereinafter are to the Penal Code unless otherwise noted.

with the provisions governing probation violations. Counsel further argued that defendant "still has further violations with Proposition 36 before he should be terminated." Counsel emphasized that defendant could have chosen to refuse drug treatment at the October 25, 2001 sentencing hearing, but did not make that choice. Accordingly, the proper inquiry was whether defendant performed satisfactorily while on probation.

The trial court ruled as follows: "The question is one of whether one performs satisfactor[il]y on probation as a matter of degrees. When one does absolutely nothing to comply with the conditions of probation and, in fact, absents himself from the jurisdiction of the court, I think the court—until we have further direction from on high—can conclude that by his actions, he has refused to accept treatment and that he's, therefore, no longer amenable to treatment under Proposition 36.

"Had he walked in here voluntarily and said: Your Honor, I screwed up. Here's the reason why and I'm asking the court to allow me another chance, I think that would be a significant difference in Mr. Guzman's situation. He has not done that. [¶] He is before the court only because he was picked up on the bench warrants. There's no indication he would have otherwise returned to court voluntarily. And therefore, the court is going to find that:

"Based on the stipulation, that he's in violation of probation; that probation should be revoked. [¶] I'll find that he is no longer amenable to treatment by virtue of his absconding from the jurisdiction of the court and from the program and, in fact, never started the program. [¶] And I will, therefore, order that Proposition 36 treatment program be terminated, and each of his cases will be returned to the home court."

At the sentencing hearing held on July 30, 2002, as to each matter, the trial court sentenced defendant anew. The court suspended proceedings, placed defendant on three years of formal probation and imposed numerous probationary terms and conditions, one of which was that he serve the first 180 days in county jail. This appeal followed.

## CONTENTION

Defendant contends the trial court erred in terminating his drug treatment probation under Proposition 36. We disagree.

## DISCUSSION

*Overview of Proposition 36*

California voters passed the Substance Abuse and Crime Prevention Act of 2000, commonly referred to as Proposition 36, on November 7, 2000.

This initiative, which became effective on July 1, 2001 (Prop. 36, § 8), "dramatically changed the penal consequences for those convicted of non-violent drug possession offenses." (*People v. Letteer* (2002) 103 Cal.App.4th 1308, 1322, fn. 8 [127 Cal.Rptr.2d 723].)

In enacting Proposition 36, the California electorate declared its purpose and intent: "(a) To divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses; [¶] (b) To halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment; and [¶] (c) To enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies." (Prop. 36, § 3.)

"By its terms, Proposition 36 requires the court to grant probation with a drug treatment condition to any person convicted of a nonviolent drug possession offense and prohibits incarceration as a condition of probation." (*People v. Davis* (2003) 104 Cal.App.4th 1443, 1446 [129 Cal.Rptr.2d 48].) "Only defendants who fall into a particular excluded category of persons may be incarcerated." (*People v. Murillo* (2002) 102 Cal.App.4th 1414, 1418 [126 Cal.Rptr.2d 358]; Pen. Code, § 1210.1, subd. (b).) "Proposition 36 was intended to have a far-ranging application to all classes of nonviolent drug offenders, including not only first time offenders, but also defendants on probation or parole as of its effective date." (*People v. Williams* (2003) 106 Cal.App.4th 694, 698 [131 Cal.Rptr.2d 546].)

"The scheme offers these offenders the opportunity to participate in structured outpatient drug treatment programs in lieu of incarceration. The drug treatment programs are monitored and regulated by statute, and the program providers must report directly to the probation department. Within seven days of the court's order, the probation department must notify the drug program provider. (§ 1210.1, subd. (c).) Within 30 days of the notice, the drug program provider must prepare a treatment plan for the defendant. (*Ibid.*) Drug treatment services may not exceed 12 months or no more than 18 months for follow-up care. (§ 1210.1, subd. (c)(3).) Significantly, qualifying drug programs may not be located in a prison or jail facility. (§ 1210.1, subd. (b).)" (*People v. Esparza* (2003) 107 Cal.App.4th 691, 696 [132 Cal.Rptr.2d 377].)

*Eligibility for Probation Pursuant to Proposition 36*

Proposition 36 is codified, in part, in sections 1210 and 1210.1.[3] Subdivision (a) of section 1210.1 provides in pertinent part that "[n]otwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation. Aside from the limitations imposed in this subdivision, the trial court is not otherwise limited in the type of probation conditions it may impose. Probation shall be imposed by suspending the imposition of sentence."

Subdivision (b) of section 1210.1 sets forth five categories of defendants who are ineligible to receive probation pursuant to subdivision (a). "Section 1210.1, subdivision (b) excludes those defendants who, in addition to such a drug conviction, (1) have committed serious or violent offenses within the last five years; (2) are convicted in the same proceeding of a felony or misdemeanor not related to the use of drugs; (3) possessed or were under the influence of a specified drug while using a firearm; (4) refuse drug treatment as a condition of probation; or (5) have twice failed drug treatment as a condition of probation and been found not to be amenable to drug treatment. (§ 1210.1, subd. (b)(1)-(5).)" (*People v. Campbell* (2003) 106 Cal.App.4th 808, 813 [131 Cal.Rptr.2d 221]; accord, *People v. Esparaza, supra,* 107 Cal.App.4th at p. 696.)

*Probation Violations Under Proposition 36*

Proposition 36's comprehensive scheme also includes specific rules to be applied when a defendant granted probation with a drug treatment condition pursuant to subdivision (a) of section 1210.1 violates his or her probation. (*People v. Murillo, supra,* 102 Cal.App.4th at p. 1419.) These rules, which are enunciated in subdivision (e) of section 1210.1, recognize that "drug abusers often initially falter in their recovery" and "give[] offenders several chances at probation before permitting a court to impose jail time." (*In re Taylor* (2003) 105 Cal.App.4th 1394, 1397 [130 Cal.Rptr.2d 554].)

---

[3]The provisions of Proposition 36 are also codified in Penal Code section 3063.1 and division 10.8, commencing with section 11999.4 of the Health and Safety Code. (*In re DeLong* (2001) 93 Cal.App.4th 562, 566 [113 Cal.Rptr.2d 385].)

Different rules apply depending on whether a defendant violates a non-drug-related or drug-related condition of probation. A " 'drug-related condition of probation' " includes "a probationer's specific drug treatment regimen, employment, vocational training, educational programs, psychological counseling, and family counseling." (§ 1210.1, subd. (f).) If a defendant violates a *non-drug-related* condition of probation and the People seek to revoke his probation, the trial court, after holding a hearing, may modify or revoke defendant's probation if the probation violation is established. (§ 1210.1, subd. (e)(2); *In re Taylor, supra,* 105 Cal.App.4th at p. 1398.)

The first time a defendant who was placed on probation after the effective date of Proposition 36 violates a *drug-related* condition of probation, the trial court must revoke his probation if the People prove by a preponderance of the evidence that defendant poses a danger to the safety of others. In the absence of such proof, defendant must be returned to probation; however, the court remains free to intensify or change the drug treatment plan. (§ 1210.1, subd. (e)(3)(A).) Upon a defendant's second violation of a drug-related condition of probation, the court is required to revoke his probation only if the People establish by a preponderance of the evidence that defendant poses a danger to the safety of others or is unamenable to drug treatment. If probation is not removed, the court is nevertheless free to modify defendant's drug treatment plan. (§ 1210.1, subd. (e)(3)(B).) If the People establish a third violation of a drug-related condition of probation, probation must be revoked. Thus, a defendant loses the protection of section 1210.1, subdivision (a), only after violating a drug-related condition of probation three times. Only then is the defendant no longer eligible for continued probation under section 1210.1, subdivision (a). (§ 1210.1, subd. (e)(3)(C); cf. *People v. Goldberg* (2003) 105 Cal.App.4th 1202, 1206-1207 [130 Cal.Rptr.2d 192]; *People v. Davis, supra,* 104 Cal.App.4th at p. 1448.)[4]

"Proposition 36 does not, however, extend the same grace to probationers who violate *non-drug related* conditions of probation. The first time a probationer violates such a condition, the court has discretion to incarcerate the person. (§ 1210.1, subd. (e)(2).)" (*In re Taylor, supra,* 105 Cal.App.4th at p. 1398, fn. omitted.) Once probation granted pursuant to Proposition 36 is revoked under section 1210.1, "the defendant may be incarcerated pursuant to otherwise applicable law without regard to the provisions of this section." (§ 1210.1, subd. (e)(1).)

---

[4]Section 1210.1, subdivision (e), also contains specific provisions relating to probation violations committed by defendants who already were on probation on the effective date of Proposition 36. (See subd. (e)(3)(D), (E) and (F); *People v. Campbell, supra,* 106 Cal.App.4th at pp. 813-814.)

*Defendant Rendered Himself Ineligible for Probation Pursuant to
Proposition 36 by Refusing Drug Treatment*

Defendant argues that the trial court erred when it concluded that his failure to report to the drug treatment facility for assessment was a refusal to accept drug treatment within the meaning of section 1210.1, subdivision (b)(4). Defendant maintains that this eligibility provision applies only to the initial grant of probation. Inasmuch as he accepted Proposition 36 probation with all its terms and conditions, including drug treatment, at his initial sentencing hearing, his failure to report for drug treatment can only be assessed under those Proposition 36 provisions pertaining to probation violations.

The People, on the other hand, argue that in fleeing the jurisdiction of the trial court and failing to report for any drug treatment whatsoever, the court appropriately deemed defendant to have refused drug treatment within the meaning of section 1210.1, subdivision (b)(4). The People assert further that defendant "completely [flouted] the court's authority by immediately and completely failing to comply with any aspect of the probation he had just been granted." While the People agree with defendant's assertion that a defendant may refuse treatment as a probation condition by refusing to accept such a condition when probation is initially granted, they "urge[] this Court to conclude that a defendant, like appellant in this case, may refuse treatment by showing such a positive unwillingness to participate in or comply with any aspect of it, even the initial assessment that was designed to evaluate his treatment needs. If there were ever a factual scenario that would dictate a refusal finding after a supposed, meaningless, verbal 'acceptance' of probation, this case provides it." We agree with the People.

Implied in the trial court's initial grant of Proposition 36 probation was a finding that defendant accepted drug treatment as a condition of probation. In fact, on the day he entered his guilty plea in case No. PA039614, defendant, through his attorney, specifically stated he "want[ed] a drug program." In granting defendant probation pursuant to subdivision (a) of section 1210.1, therefore, the trial court necessarily determined that defendant did not fall within that class of ineligible defendants listed in subdivision (b) of section 1210.1. Defendant's subsequent actions revealed the disingenuousness of his request for drug treatment, however.

In this case, defendant made no effort whatsoever to comply with his drug treatment probation. He instead absconded from the jurisdiction of the trial court by leaving the United States. Moreover, regardless of his reasons for doing so, upon his return to this country, he did not report voluntarily to his

probation officer, the drug treatment center or the trial court. He persisted, rather, in disregarding the trial court's orders and the requirements accompanying his grant of probation pursuant to Proposition 36. Hence, this is not a case in which a defendant commences drug treatment and falters. This is not a case in which a defendant responded to a family emergency and then voluntarily reported to his probation officer for supervision or the drug treatment center for treatment. This is a case in which defendant, by his acts and omissions, evinced a complete and unequivocal refusal to undergo drug treatment.

We hold that the eligibility requirements continue to apply even after the initial grant of probation. To be sure, the trial court would be justified in terminating the probation of a defendant who commences drug treatment and who later advises the court he or she no longer wishes to continue in treatment and would rather serve time. It follows necessarily, then, that the trial court can terminate the probation of a defendant who, by his conduct following the grant of probation refuses to undergo drug treatment. Such a defendant is to be distinguished from a defendant who commences drug treatment and thereafter falters by violating conditions of probation. The transgressions of such a defendant would be analyzed as probation violations pursuant to section 1210.1, subdivision (e). Although the trial court stated that defendant was "no longer amenable to treatment," for all intents and purposes, it concluded that defendant was ineligible for drug treatment under Proposition 36. This finding is unassailable.[5]

The judgments are affirmed.

Ortega, J., and Vogel (Miriam A.), J., concurred.

---

[5]Although the People maintain that this case should be reviewed as a section 1210.1, subdivision (b)(4), refusal, they alternatively argue that the trial court could have revoked defendant's Proposition 36 probation pursuant to section 1210.1, subdivision (e)(1), on the ground that defendant's unqualified failure to comply with any aspect of the trial court's Proposition 36 disposition constituted "an utter and complete failure to report to probation" and thus encompassed a violation of both drug-related and non-drug related conditions of probation. Inasmuch as the trial court did not base its decision on this alternative ground, we do not discuss it.