*Supp. 3 Opinion
CODY, J.
Appellant, Thomas Allen Strong, appeals from the trial court’s denial of drug treatment probation under the Substance Abuse and Crime Prevention Act of 2000, commonly referred to as Proposition 36. Appellant contends he did not refuse drug treatment probation despite his admission of failing to comply with any of the terms of his deferred entry of judgment program and, therefore, the court did not have discretion to deny him Proposition 36 probation. For the reasons explained below, we affirm.

Facts and Proceedings

On March 25, 2003, the district attorney’s office filed a misdemeanor complaint against appellant alleging a violation of Health and Safety Code section 11550, a nonviolent drug possession offense. Appellant entered a plea of no contest. On June 25, 2003, appellant was granted deferred entry of judgment (DEJ) under Penal Code section 1000 et seq. The terms of his DEJ included that he report to the probation department as directed, participate as directed by his probation officer in a drug treatment program, immediately obtain drug counseling, and submit to tests of his breath, blood, or urine when requested by a peace officer or probation officer.
On February 20, 2004, appellant’s probation officer filed a report alleging appellant violated the terms of his DEJ, specifically that he failed to report to probation, failed to enroll in and attend drug treatment, and failed to submit to testing. Based on these violations, the probation officer requested the court revoke DEJ and reinstate criminal proceedings. Appellant was notified of the hearing to occur on February 20, 2004, but failed to appear. On February 20, 2004, the court revoked DEJ, reinstated criminal proceedings and issued a bench warrant.
Almost one year later, on January 13, 2005, appellant was arrested on the outstanding warrant, and on January 14, 2005, admitted the DEJ violations. The court revoked and terminated DEJ, referred the matter to the probation department for a sentencing report and set the matter for sentencing. On January 24, 2005, appellant asked to be placed on probation under Proposition 36.[1] The trial court denied his request, finding that appellant’s lengthy failure to comply with any of the terms of his DEJ indicated he was not interested in drug treatment while on probation. Appellant was granted probation and ordered to serve 90 days in jail. Appellant thereafter filed a timely notice of appeal.

*Supp. 4
Proposition 36 Eligibility

“Proposition 36 requires the court to grant probation and drug treatment to any defendant convicted of a nonviolent drug possession offense and prohibits incarceration as a condition of probation. ([Pen. Code,] § 1210.1, subd. (a).)” (People v. Esparza (2003) 107 Cal.App.4th 691, 693 [132 Cal.Rptr.2d 377].) “When a defendant is eligible for Proposition 36 treatment, it is mandatory unless he is disqualified by other statutory factors, including refusing drug treatment.” {Id. at p. 699.) As relevant here, Penal Code section 1210.1, subdivision (b)(4), expressly disqualifies from Proposition 36 treatment “any defendant who refuses drug treatment as a condition of probation.”
In People v. Guzman (2003) 109 Cal.App.4th 341 [134 Cal. Rptr.2d 727] (Guzman), the defendant was granted and accepted probation under Proposition 36 but then failed to comply with any of the terms of his probation for the for the next five months. He ultimately appeared in court involuntarily after being arrested on a bench warrant. The trial court found that the defendant’s complete failure to comply with any of the terms of his probation, and his having been brought back before the court involuntarily, demonstrated his intention to refuse drug treatment probation. The Court of Appeal agreed, finding first that Proposition 36 eligibility requirements continue to apply even after the initial grant of probation; and second, that “Defendant’s subsequent actions revealed the disingenuousness of his request for drug treatment... .[][].. . This is a case in which defendant, by his acts and omissions, evinced a complete and unequivocal refusal to undergo drug treatment.” (Guzman, supra, 109 Cal.App.4th at pp. 349-350.)
In our case, appellant does not specifically claim that the analysis in Guzman does not apply. In other words, appellant is not arguing that his conduct could not have been considered a “refusal” under Guzman. Instead, we understand his contention to be that even if he did refuse drug treatment he did not refuse any drug treatment as a “condition of probation” because DEJ is not probation.[2] Appellant, therefore, contends the trial court had no *Supp. 5 discretion to deny him Proposition 36 probation. So the precise question is whether DEJ can be considered “probation” as that term is used under Proposition 36.

DEJ Is the Equivalent of Probation

In several reported cases the trial court found a defendant was eligible for Proposition 36 probation after violating the terms of his deferred entry of judgment program. (See, e.g., People v. Hinkel (2005) 125 Cal.App.4th 845, 848 [22 Cal.Rptr.3d 895]; People v. O’Connell (2003) 107 Cal.App.4th 1062, 1065 [132 Cal.Rptr.2d 665].) In none of these cases, however, did the trial court, or appellate court for that matter, discuss the specific question whether a refusal to comply with drug treatment terms under a grant of DEJ resulted in the defendant’s becoming ineligible for drug treatment under a Proposition 36 grant of probation. A case cannot be considered authority for a proposition it does not consider. (People v. Alvarez (2002) 27 Cal.4th 1161, 1176 [119 Cal.Rptr.2d 903, 46 P.3d 372].) It appears the issue is one of first impression.
In order to answer the question whether DEJ is the equivalent of probation, we must first look to the language of the statute. (People v. Canty (2004) 32 Cal.4th 1266, 1276-1277 [14 Cal.Rptr.3d 1, 90 P.3d 1168].) If it is clear what is meant we need look no further. “If the Legislature has provided an express definition of a term, that definition ordinarily is binding on the courts.” (Curie v. Superior Court (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].)
Although Penal Code sections 1210 and 1210.1 do not define what is meant by “probation” when that word is used in the phrase “drug treatment as a condition of probation” {id.., §§ 1210, subd. (c), 1210.1, subd. (a)), Penal Code section 1203 does define the term. “As used in this code, ‘probation’ means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer.” (Pen. Code, § 1203, subd. (a).)
When appellant was granted DEJ no sentence was imposed and he was ordered to report to the probation department immediately and thereafter report as directed. Thus, appellant was released into the community under the supervision of a probation officer under specified conditions, including that he *Supp. 6 enter into drug treatment and test when requested. This type of program would appear to fall within the definition of “probation.”
Several courts have commented upon the similarities between DEJ and probation, including probation under Proposition 36. “The deferred entry of judgment statutes ([Penal Code,] § 1000 et seq.) are in some ways analogous to Proposition 36. [Citation.] Pursuant to [Penal Code] section 1000, a defendant who has been charged with specified drug offenses and has not committed a crime of violence or threatened violence may undergo a drug education and treatment program in lieu of undergoing a criminal prosecution, and upon satisfactory completion may obtain dismissal of the criminal charges. [Citation.]” (People v. Canty, supra, 32 Cal.4th at p. 1285.) “Diversion may also be viewed as a specialized form of probation, available to a different class of defendants but sharing many similarities with general probation and commitment for addiction.” (People v. Superior Court (On Tai Ho) (1974) 11 Cal.3d 59, 66 [113 Cal.Rptr. 21, 520 P.2d 405].)
Moreover, the precise language of Penal Code section 1210.1, subdivision (b)(4), the “refusal” exception, does not appear to limit ineligibility only to those who specifically refuse Proposition 36 drug treatment probation. As stated, Penal Code section 1210.1, subdivision (a) requires that a defendant who commits specified crimes must be placed on probation and participate in a drug treatment program. The “refusal” exception applies when the defendant “refuses drug treatment as a condition of probation.” (Pen. Code, § 1210.1, subd. (b)(4).) The language of this exception does not state “refuses drug treatment as a condition of probation under subdivision (a).” In contrast, several other subdivisions do specifically refer to “probation under subdivision (a).” (See, e.g., Pen. Code, § 1210.1 subds. (c) & (e)(2), (3)(A).) And several other subdivisions, pointedly do not refer to probation under subdivision (a) and are clearly meant not to do so by referring simply to “probation.” (See, e.g., Pen. Code, § 1210.1, subd. (e)(3)(D).) Thus, if the intent was to preclude eligibility for only those defendants who refused drug treatment probation under Penal Code section 1210.1, subdivision (a), i.e., Proposition 36, it could and would have been so stated.
We find, therefore, that by refusing drug treatment as a condition of his DEJ, appellant refused drug treatment as a condition of probation and thereby became ineligible for Proposition 36 drug treatment probation. The court did not have discretion to admit him to Proposition 36. (In re Varnell (2003) 30 Cal.4th 1132, 1139 [135 Cal.Rptr.2d 619, 70 P.3d 1037] [“there is no provision in section 1210.1 for the exercise of judicial discretion to admit an otherwise ineligible defendant to Proposition 36’s mandatory drug treatment program”].)

*Supp. 7
Order and Judgment

The judgment is affirmed and the matter is remanded to the trial court for further proceedings as necessary.
Riley, P. J., and Long, J., concurred.

 Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, was approved by voters on November 7, 2000, took effect on July 1, 2001, and is codified at Penal Code sections 1210, 1210.1, 3063.1, and Health and Safety Code section 11999.4 et seq.

 Appellant’s original brief was filed under People v. Wende (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. We requested both parties to submit supplemental briefs addressing the question whether Proposition 36 probation should have been granted. In doing so, neither party addressed other related issues and we do not, therefore, decide them, although we do make several assumptions. For example, neither party discussed whether “drug treatment” under DEJ is the equivalent of “drug treatment” under Proposition 36. (Compare Pen. Code, §§ 1000, subd. (c) and 1210, subd. (b).) We will assume, without deciding, they are equivalent. Neither party discussed whether appellant’s plea or the court’s grant of DEJ was a “conviction” as that term is used under Proposition 36. (Pen. Code, § 1210.1, subd. (a).) A defendant is eligible for Proposition 36 only if she or he has been “convicted” of a qualifying offense. (Compare In re DeLong (2001) 93 Cal.App.4th 562, 570 [113 Cal.Rptr.2d 385] with *Supp. 5 People v. Mendoza (2003) 106 Cal.App.4th 1030, 1034 [131 Cal.Rptr.2d 375].) Again, without deciding the question, we assume the plea and subsequent grant of DEJ was a “conviction” as that term is used in Proposition 36.