[No. B213944. Second Dist., Div. Six. Apr. 8, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN CASEY FRIEDECK, Defendant and Appellant.

COUNSEL

Richard B. Lennon and Suzan Hier, under appointments by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GILBERT, P. J.—Appellant John Casey Friedeck refused drug treatment as a condition of deferred entry of judgment (DEJ). (Pen. Code, § 1000 et seq.)[1] We conclude his refusal makes him ineligible for probation under Proposition 36. (§ 1210 et seq.) We approve *People v. Strong* (2006) 138 Cal.App.4th Supp. 1 [41 Cal.Rptr.3d 867].

## FACTS

In April 2008, Friedeck pled guilty to one count of felony possession of a controlled substance, Percocet. The trial court placed him on DEJ for 24 months provided he immediately obtained drug counseling and completed an AIDS education course.

On July 11, 2008, the probation department filed a violation report, alleging that on June 8, 2008, Friedeck was arrested for being under the influence of a controlled substance in violation of Health and Safety Code section 11550, subdivision (a). The report stated, "The defendant has not communicated with the Probation Dept. It is unknown if he has enrolled or participated in any treatment program." Under the heading "Prop. 36 eligibility," the report stated, "Given the present information, Defendant [is] not eligible pursuant to *People v. Strong*."

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On July 17, 2008, Friedeck appeared in court on both the alleged DEJ violation and his June 8 arrest for being under the influence. His probation officer said that he was not eligible under Proposition 36 pursuant to *People v. Strong*. The probation officer told the court, "The defendant said that he did do the AIDS class and attended a couple of classes, but there's no evidence . . . that he ever enrolled in a diversion program."

Friedeck admitted he was in violation of the DEJ order, and the trial court referred the matter to probation for a sentencing report. The court also continued the arraignment on the new charge of being under the influence.

At the sentencing hearing, Friedeck's counsel submitted the matter on the probation report and an off-the-record discussion held at the bench. The trial court sentenced Friedeck to the middle term of two years in prison. The prosecutor said he would dismiss the under-the-influence charge. The matter was continued for a determination of custody credits.

A different judge presided over the custody credit hearing. At the hearing Friedeck asked for the opportunity to start in a Proposition 36 program. He said he lost his DEJ paperwork and did not know where to go. The trial court replied that it was only calculating custody credits, and that Friedeck would have to raise the question of Proposition 36 with the original sentencing judge.

## DISCUSSION

■ The Attorney General argues that Friedeck waived Proposition 36 probation by failing to make a timely request. But Proposition 36 probation is mandatory for those who qualify. (*People v. Esparza* (2003) 107 Cal.App.4th 691, 699 [132 Cal.Rptr.2d 377].) It is not a discretionary sentencing choice subject to waiver. (*Ibid.*)

Friedeck contends the trial court erred in finding he was not eligible for Proposition 36 based on his implied refusal of treatment.

Proposition 36, as codified in section 1210.1, subdivision (a), provides in part, "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation." Subdivision (b)(4) of the section provides subdivision

(a) shall not apply to "[a]ny defendant who refuses drug treatment as a condition of probation."

Proposition 36 recognizes that drug abusers often initially falter in their recovery. (*In re Taylor* (2003) 105 Cal.App.4th 1394, 1397 [130 Cal.Rptr.2d 554].) With exceptions not relevant here, a defendant who is granted probation under the proposition is given a number of chances to comply with the conditions of probation. (*Ibid.*) It is only on a third violation of a drug-related condition of probation that the court has discretion to impose prison time. (§ 1210.1, subd. (f)(3); *Taylor*, at pp. 1397–1398.)

In *People v. Guzman* (2003) 109 Cal.App.4th 341 [134 Cal.Rptr.2d 727], the defendant was granted Proposition 36 probation. Probation was conditioned on the defendant entering a drug treatment program. Instead of entering a program, the defendant fled the United States and disregarded the conditions of probation when he voluntarily returned. The court held that a defendant who by his conduct refuses to undergo drug treatment is ineligible for Proposition 36 probation under section 1210.1, subdivision (b)(4). The court distinguished such a case from that of a defendant who accepts treatment and falters. (*Guzman*, at pp. 349–350.)

■ In *People v Strong, supra*, 138 Cal.App.4th Supp. 1, the defendant was granted DEJ for a drug possession offense. He violated the terms of the DEJ by failing to report to probation and failing to enroll in and attend a drug treatment program. When the defendant was arrested for violating the terms of the DEJ, he requested Proposition 36 probation. The trial court denied the request, finding the defendant's failure to comply with the terms of his DEJ indicated he was not interested in drug treatment while on probation. The appellate division of the superior court affirmed. The court concluded that the DEJ is the equivalent of probation and that ineligibility pursuant to section 1210.1, subdivision (b)(4) is not limited to those who specifically refuse Proposition 36 drug treatment. (*Strong*, at pp. Supp. 5–6.)

*Strong* relied on the statutory definition of probation. Section 1203, subdivision (a) provides in part, "As used in this code, 'probation' means the suspension of the imposition or execution of a sentence and the order of conditional or revocable release in the community under the supervision of a probation officer." The court pointed out: "When appellant was granted DEJ no sentence was imposed and he was ordered to report to the probation department immediately and thereafter report as directed. Thus, appellant was

released into the community under the supervision of a probation officer under specified conditions, including that he enter into drug treatment and test when requested. This type of program would appear to fall within the definition of 'probation.' " (*People v. Strong, supra,* 138 Cal.App.4th at pp. Supp. 5–6.)

Friedeck attempts to distinguish *Guzman* on the ground that there the defendant made no effort whatsoever to comply with the drug treatment probation condition. Here Friedeck claims he enrolled in and attended some AIDS classes. He also claims he lost his paperwork and had never been told to go to a specific program.

A question of fact to be determined by the trial court was whether Friedeck's conduct showed a refusal to undergo drug treatment. The court was not required to find his claims and excuses credible. Moreover, if he had lost his paperwork and was uncertain which program to attend, he made no effort to contact the probation department to resolve these questions. And AIDS classes are not the equivalent of a drug treatment program. The court reasonably could conclude that Friedeck's conduct showed he refused drug treatment.

*Strong* is directly on point. Here the trial court found Friedeck refused drug treatment. Friedeck argues, however, that *Strong* was incorrectly decided. He points out that to be excluded from Proposition 36 under section 1210.1, subdivision (b)(4), the defendant must refuse drug treatment "as a condition of probation." He believes *Strong* erred in equating a DEJ with probation.

But, as *Strong* noted, a DEJ falls within the statutory definition of probation. (§ 1203, subd. (a).) Proposition 36 does not provide any other definition.

Friedeck argues that Proposition 36 applies only upon conviction. (Citing § 1210.1, subd. (b).) He also points out that in a DEJ a plea of guilty is not a conviction unless a judgment of guilty is entered pursuant to section 1000.3, after the defendant is found not performing satisfactorily. (Citing § 1000.1, subd. (d).) Friedeck claims that when judgment is entered under the DEJ, the defendant has not yet rejected treatment under Proposition 36 or any other program following his conviction.

But nothing in section 1210.1, subdivision (b)(4) requires that the refusal of drug treatment occur after conviction. Here the refusal to enter drug

treatment was a reason the conviction was entered. That is sufficient to preclude eligibility for Proposition 36 probation.

Friedeck argues that under a DEJ the treatment program must be certified by the county drug program administrator pursuant to Penal Code, part 2, title 8, chapter 1.5 or be a program that provides services at no cost and has been deemed credible and effective by the court and administrator. (§ 1000, subd. (c).) Under Proposition 36, however, the program must be state licensed or certified or operated under the direction of the Veterans Health Administration. (§ 1210, subd. (b).) He concludes that Proposition 36 includes a broader range of programs to which the defendant may be amenable.

■ Section 1210.1, subdivision (b)(4) does not limit the refusal of drug treatment to refusal under any particular program. Refusal of drug treatment under a DEJ qualifies as a refusal for purposes of Proposition 36.

Friedeck's reliance on *People v. Mazurette* (2001) 24 Cal.4th 789 [102 Cal.Rptr.2d 555, 14 P.3d 227] is misplaced. After the defendant lost her motion to suppress evidence, she was granted DEJ. She attempted to appeal to obtain review of the denial of her motion to suppress. In arguing the order granting DEJ is appealable, she relied on section 1237, subdivision (a). The subdivision provides that the defendant may appeal a final judgment of conviction, and that an order granting probation shall be deemed a final judgment. She urged that the court consider a DEJ as equivalent to a grant of probation.

After observing that a grant of probation and a DEJ have many similarities and some differences, the *Mazurette* court stated: "These observations, however, are not determinative. Either way, we are still left with these unassailable facts: (1) the Legislature expressly stated in section 1237 that grants of probation are appealable; and (2) the Legislature was silent as to the appealability of orders granting deferred entry of judgment. Because the right to appeal is wholly statutory, the similarity deferred entry of judgment bears to probation is irrelevant. The former simply is not listed in section 1237 as an appealable order or judgment. Accordingly, we cannot conclude the Legislature intended that orders granting deferred entry of judgment be appealable." (*People v. Mazurette, supra,* 24 Cal.4th at p. 796.)

■ In *Mazurette*, our Supreme Court determined that a DEJ did not constitute a final judgment for the purpose of appeal. (*People v. Mazurette, supra,* 24 Cal.4th at p. 796.) The court decided nothing more than where entry of judgment is deferred there is no final judgment. The court did not

discuss whether a refusal of drug treatment under a DEJ constitutes a refusal for the purposes of section 1210.1, subdivision (b)(4). A case is not authority for matters not discussed therein. (*People v. Banks* (1993) 6 Cal.4th 926, 945 [25 Cal.Rptr.2d 524, 863 P.2d 769].)

The judgment is affirmed.

Yegan, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 28, 2010, S182716. George, C. J., did not participate therein.