Filed 7/24/13  P. v. Vanwilpe CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TONY VANWILPE,<br><br>    Defendant and Appellant. | 2d Crim. No. B241568<br>(Super. Ct. No. 2008050803)<br>(Ventura County) |

Tony Vanwilpe appeals the judgment entered after he pled guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  Appellant entered the plea in exchange for a grant of deferred entry of judgment (DEJ) (Pen. Code, § 1001.1).[1]  Following several violations of the DEJ conditions, the trial court permanently terminated DEJ and placed appellant on three years of formal probation.[2]  Appellant contends the court erred in denying his motion to suppress under section 1538.5, and in finding he was ineligible for probation under Proposition 36 (§§ 1210, 1210.1).  We affirm.

_____

[1] All further undesignated statutory references are to the Penal Code.

[2] The record reflects that appellant's probation was revoked after the notice of appeal was filed, apparently due to his refusal to sign the terms and conditions of probation.

FACTS AND PROCEDURAL HISTORY

On December 5, 2008, Deputy Odilon Malagon of the Ventura County Sheriff's Department responded to a 911 call reporting that a man was yelling, screaming, and talking to himself while working on the roof of a residence. Appellant, who matched the description of the suspicious individual, was sitting in the driver's seat of a truck parked in front of the residence.

Deputy Malagon approached appellant and asked if he was working at the residence. Appellant responded in the affirmative and took the deputy to speak with the homeowner. During the conversation, appellant appeared nervous and restless. Based on his training, Deputy Malagon suspected that appellant might be under the influence of a central nervous stimulant (CNS) or other illegal drug.

Appellant accompanied Deputy Malagon back to his patrol car, where the deputy conducted a drug abuse recognition (DAR) evaluation and asked appellant about recent and past drug use. Appellant admitted using cocaine several hours earlier. Based on appellant's symptoms, admission of recent drug use, and the results of the DAR evaluation, Deputy Malagon arrested appellant for being under the influence of a CNS stimulant. Following the arrest, the deputy searched appellant's truck and found methamphetamine and a glass smoking pipe under the front seat. After *Miranda*[3] advisements were given, appellant said he had purchased the methamphetamine and pipe in Simi Valley for $10.

Appellant was subsequently charged with one count of possessing methamphetamine, and misdemeanor counts of being under the influence of methamphetamine and possessing a smoking device (Health & Saf. Code, §§ 11364.1, subd. (a), 11550, subd. (a)). His section 1538.5 motion to suppress was heard in conjunction with the preliminary hearing. At the outset of the hearing, the defense counsel stated, "It is going to be [appellant's] request to have the Court rule on the 1538.5

---

[3] (*Miranda v. Arizona* (1966) 384 U.S. 436.)

2

prior to any holding order because it would be his intention that if the motion is denied to then enter a guilty plea and then end the case right here and now."

At the conclusion of the hearing, the court denied the suppression motion. After stating the basis of its ruling, the court added, "I hope I have made the record clear enough . . . to the extent you wish to pursue a 995 . . . and you are free to challenge it if you wish to." When the court proceeded to issue its formal ruling, counsel interjected, "don't make the holding order yet." Following a recess, appellant pled guilty to the charge of possessing methamphetamine in exchange for a grant of DEJ for 24 months.[4]

Following several revocations and reinstatements of DEJ based on appellant's violations of the terms and conditions thereof, the court permanently terminated DEJ and criminal proceedings were reinstated on January 30, 2012. The court subsequently placed appellant on three years of probation with electronic monitoring. Appellant filed a notice of appeal. The court granted a certificate of probable cause on the issue whether his trial counsel provided ineffective assistance by failing to make a motion to dismiss under section 995.

DISCUSSION

I.

*Motion to Suppress (§ 1538.5)*

Appellant contends the court erred in denying his section 1538.5 motion to suppress because the methamphetamine and pipe appellant was charged with possessing were the fruit of an unlawful search. He also asserts that "if renewal [of the suppression motion] was required before [appellant] entered the DEJ program," his trial attorney's failure to renew the motion amounts to ineffective assistance of counsel. The People respond that (1) appellant forfeited his right to challenge the denial of his suppression motion by failing to renew the motion in the superior court prior to pleading guilty; and (2) appellant's ineffective assistance of counsel claim fails because he shows neither

---

**4** Appellant's appeal from the grant of DEJ was dismissed without prejudice pursuant to *People v. Mazurette* (2001) 24 Cal.4th 789 (*Mazurette*). We grant appellant's unopposed request for judicial notice of the prior notice of appeal and other documents contained in the superior court file that are not included in the record on appeal.

3

deficient performance nor prejudice.  For the first time in his reply brief, appellant claims he was not required to renew his suppression motion in order to obtain appellate review of his Fourth Amendment claim.

We agree with the People that appellant's failure to renew his suppression motion prior to the grant of DEJ is fatal to his appeal.  The law is clear that when a motion to suppress is denied by a superior court judge acting as magistrate, it must be renewed before a superior court judge acting in that capacity in order to preserve the issue for appeal.  (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896 (*Lilienthal*); *People v. Richardson* (2007) 156 Cal.App.4th 574, 584-585, 595 (*Richardson*); *People v. Garrido* (2005) 127 Cal.App.4th 359, 367; *People v. Hinds* (2003) 108 Cal.App.4th 897, 900 (*Hinds*).)  This rule is premised on the proposition that "it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention."  (*Lilienthal,* at p. 896, fn. omitted.)

Appellant argues that the *Lilienthal* rule should not be applied to defendants who appeal from a judgment entered after DEJ is terminated because doing so would undermine "the 'early diversion' goal" of the DEJ scheme.  Our Supreme Court has effectively recognized, however, that the rule applies in this context.  In *Mazurette, supra*, 24 Cal.4th at page 794, the court held that defendants who are granted DEJ cannot immediately appeal the denial of a suppression motion because DEJ is not a "judgment" from which an appeal may be brought following a guilty plea.[5]  In support of that

---

[5] The court summarized DEJ as follows:  "Sections 1000.1 and 1000.2 provide that, in appropriate cases, the court can accept a guilty or no contest plea but defer entry of the judgment of conviction pending the defendant's attempt to successfully complete a drug rehabilitation program.  (§ 1000.1, subd. (b) . . . .)  If the defendant successfully completes the assigned program, 'the criminal charge or charges shall be dismissed' (§ 1000.3, 4th par.), in which case no judgment of conviction will be entered into the record and, with limited exceptions, the defendant need never reveal she was even arrested, let alone that she was charged with a felony, pleaded guilty, and was granted a deferred entry of judgment.  (§ 1000.4.)  Under these circumstances, of course, no need would arise to appeal the denial of a suppression motion.  If the defendant's attempt at rehabilitation is unsuccessful, however, 'the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code.'  (§ 1000.3, 3d par.)"  (*Mazurette, supra*, 24 Cal.4th at p. 793.)

4

holding, the court reasoned that such defendants "can move to suppress evidence before the magistrate at the preliminary examination (§ 1538.5, subd. (f)(2)) and, after the magistrate's denial of the motion, can move to renew the motion in a special hearing in superior court (§ 1538.5, subd. (i)). After the special hearing in the superior court, the defendant can obtain pretrial review by means of an extraordinary writ of mandate or prohibition. (*Ibid.*) And, of course, should defendant fail in her rehabilitation efforts, 'the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing . . . .' (§ 1000.3.) Following sentencing, defendant can then appeal from the final judgment of conviction." (*Mazurette,* at p. 798.) The court went on to note the defendant could "also decline deferred entry of judgment, plead guilty or no contest, and appeal immediately pursuant to section 1538.5(m)." (*Ibid.*)

As with all other appeals following guilty or no contest pleas, a suppression motion preceding a grant of DEJ is not subject to review unless it was renewed in the superior court. Because appellant failed to renew his motion, his Fourth Amendment claim is not cognizable on appeal. (*Mazurette, supra*, 24 Cal.4th at p. 798; see also *Richardson, supra*, 156 Cal.App.4th at p. 595 [*Lilienthal* rule applies to appeals involving certified pleas under section 859a, notwithstanding that those who enter such pleas have no opportunity to renew their suppression motions in superior court].)

Appellant fares no better in claiming we can review his suppression motion on the ground that his trial attorney's failure to renew the motion constitutes ineffective assistance of counsel. This claim was considered and rejected in *Hinds*, a case that appellant does not address in his briefs. The defendant in that case, like appellant, entered a negotiated guilty plea without ever renewing his suppression motion. (*Hinds, supra*, 108 Cal.App.4th at pp. 899–900.) The defendant conceded he had failed to preserve the suppression issue for direct appeal, yet argued the claim was cognizable on ineffective assistance grounds under the court's prior decision in *People v. Hart* (1999) 74 Cal.App.4th 479. In distinguishing *Hart*, the court explained: "Our determination in *Hart* that raising the issue of ineffective assistance of counsel neutralizes the waiver applies only where the defendant proceeds through a jury trial after the denial of his

suppression motion. Under such circumstances, we saw no sound tactical reason for failing to pursue a meritorious motion which, had it been properly granted, would have suppressed most of the evidence against defendant and perhaps resulted in a dismissal of the charges. [Citation.] [¶] Here, however, counsel was not given an opportunity to explain why the motion was not renewed, and a satisfactory explanation could exist. For instance, the availability of the plea bargain accepted by the defendant may have been dependent upon not further pursuing the suppression motion." (*Hinds, supra*, 108 Cal.App.4th at p. 902.) The court concluded: "We are wary of adjudicating claims casting aspersions on counsel when counsel is not in a position to defend his conduct. A claim of ineffective assistance of counsel instead is more appropriately made in a habeas corpus proceeding. [Citation.] Accordingly, we reject defendant's claim on appeal and leave him to that remedy." (*Ibid.*)

As in *Hind*s, appellant's plea bargain may have been conditioned on his abandoning his claim that he was subjected to a Fourth Amendment violation. Because trial counsel may have had a legitimate tactical reason for failing to renew the motion, appellant's claim of ineffective assistance is not cognizable on direct appeal.

In any event, the claim would fail. To establish ineffective assistance, appellant must demonstrate not only that counsel lacked a legitimate tactical reason to refrain from renewing the suppression motion, but also that the motion would have been granted had he done so. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Ledesma* (2006) 39 Cal.4th 641,745–746.) In determining whether the motion was properly denied, we must defer to the trial court's express and implied factual findings: "As the finder of fact in a proceeding to suppress evidence [citation], the superior court is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable. [Citation.] Accordingly, in reviewing the instant suppression order, we consider the record in the light most favorable to [the People] since 'all factual conflicts must be resolved in the manner most favorable to the [superior] court's disposition on the [suppression] motion.' [Citation.] But while we defer to the

6

superior court's express and implied factual findings if they are supported by substantial evidence, we exercise our independent judgment in determining the legality of a search on the facts so found." (*People v. Woods* (1999) 21 Cal.4th 668, 673–674.)

The search of appellant's truck was conducted in December 2008, prior to the United States Supreme Court's decision in *Arizona v. Gant* (2009) 556 U.S. 332 (*Gant*). The propriety of the search as incident to appellant's arrest is accordingly governed by the law as established prior to *Gant* in *New York v. Belton* (1981) 453 U.S. 454 (*Belton*), and *Thornton v. United States* (2004) 541 U.S. 615 (*Thornton*). (*Davis v. United States* (2011) __ U.S. __ [131 S.Ct. 2419, 2428-2429] (*Davis*).)[6]

Under *Belton*, a police officer who has made a lawful custodial arrest of a vehicle's occupant may, "'. . . as a contemporaneous incident of that arrest, search the passenger compartment . . .'" of the vehicle. (*Davis, supra*, 131 S.Ct. at p. 2424; see *Belton, supra*, 453 U.S. at p. 460, fns. omitted.) In *Thornton*, the court extended *Belton* to allow vehicle searches incident to the arrest of persons who were "'recent occupant[s]'" of a vehicle. (*Thornton, supra*, 541 U.S. at pp. 623–624, fn. omitted; *People v. Nottoli* (2011) 199 Cal.App.4th 531, 548.) The court reasoned that "[w]hile an arrestee's status as a 'recent occupant' may turn on his temporal or spatial relationship to the car at the time of the arrest and search, it certainly does not turn on whether he was inside or outside the car at the moment that the officer first initiated contact with him." (*Thornton*, at p. 622.)

Here, there is no dispute that appellant was a recent occupant of the truck that was searched. Appellant was sitting in his truck when Officer Malagon first encountered him, and the search was conducted no more than 15 minutes after he got out of the vehicle. The record belies appellant's claim that the requisite "temporal or spatial relationship" was lacking. The issue is whether appellant's connection to the truck rendered it "reasonable to believe evidence relevant to the crime of arrest might be found

---

[6] The People correctly note that although the trial court erroneously applied *Gant* rather than *Belton*, the error is of no moment because, as we shall explain, the search was lawful under either standard.

in the vehicle." (*Thornton, supra*, 541 U.S. at p. 632 (conc. opn. of Scalia, J.).)  Under the circumstances, the trial court properly found that Officer Malagon had probable cause to believe that illegal drugs or related paraphernalia were in the truck.  (See *Alabama v. White* (1990) 496 U.S. 325, 330, internal quotation marks omitted [defining probable cause as "a fair probability that contraband or evidence of a crime will be found"].)  The court thus correctly deemed the search lawful under both the search incident to arrest and automobile exceptions to the Fourth Amendment's warrant requirement.  (*Thornton*, at p. 632 [search incident to arrest]; *United States v. Ross* (1982) 456 U.S. 798, 809 [automobile exception].)[7]  Appellant's ineffective assistance claim thus fails.

## II.

### *Proposition 36 Probation*

Appellant contends the court erred in finding he was ineligible for drug treatment probation under Proposition 36 (§§ 1210, 1210.1), based on the conclusion that he had refused drug treatment under the grant of DEJ.  We disagree.

"Proposition 36 requires the court to grant probation with a drug treatment condition to any person convicted of a nonviolent drug possession offense and prohibits incarceration as a condition of probation." (*People v. Davis* (2003) 104 Cal.App.4th 1443, 1446; § 1210.1, subd. (a).)  Certain defendants are statutorily ineligible for Proposition 36 probation, including those who refuse drug treatment as a condition of probation.  (§ 1210.1, subd. (b)(4).)  Because DEJ falls within the statutory definition of probation, a defendant who refuses drug treatment under a grant of DEJ is ineligible for Proposition 36 probation.  (*People v. Friedeck* (2010) 183 Cal.App.4th 892, 896-898; *People v. Strong* (2006) 138 Cal.App.4th Supp. 1, 5-6.)

Appellant does not dispute that he never participated in drug treatment as required under the grant of DEJ.  He claims, however, that he "did not *refuse* to comply

---

**7** The finding of probable cause also renders the search proper under *Gant*, which provides that a search of a vehicle incident to arrest is lawful "if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." (*Gant, supra*, 556 U.S. at p. 351.)

8

with the terms of the [DEJ] program, and the court did not make any such findings. Instead, [appellant] was hospitalized on numerous occasions for serious cardiac conditions, and was unable to fulfill the requirements of the program." This assertion is based on a selective reading of the record. Appellant's attorney *acknowledged* that appellant was ineligible for Proposition 36 probation "because he did not ever sign up for diversion or attempt to attend those classes." Counsel also indicated that even though he had explained to appellant that by complying with electronic monitoring and regularly reporting to probation he could avoid serving any jail time and have his record expunged, appellant "did not wish to sign the probation terms because he believes he's been wrongfully convicted." Although appellant initially agreed that he would rather be granted probation than serve jail time, the record reflects that probation was revoked after the notice of appeal was filed due to appellant's continuing refusal to sign the terms and conditions of probation. As a result of appellant's persistent intransigency, the probation department "recommended that probation be terminated unsuccessfully upon completion of jail time." Under the circumstances, the court did not err in implicitly finding that appellant had refused to participate in drug treatment and was thus ineligible for Proposition 36 probation.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

9

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

Lyn A. Woodward, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Kimberly J. Baker-Guillemet, Deputy Attorney General, for Plaintiff and Respondent.