Filed 1/28/14  P. v. Jackson CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES WESLEY JACKSON, SR.<br><br>    Defendant and Appellant. | 2d Crim. No. B249071<br>(Super. Ct. No. F485679)<br>(San Luis Obispo County) |

Charles Wesley Jackson was convicted by plea of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and appeals from the order granting him probation after the trial court found he was not amenable to Proposition 36 drug treatment (Pen. Code, § 1210.1, subd. (b)(5)).  We affirm.

*Proposition 36*

Proposition 36 mandates probation and drug treatment, instead of incarceration, for persons convicted of a "nonviolent drug possession offense. . . ." (Pen. Code, § 1210.1, subd. (a).)[1]  Subdivision (b) of section 1210.1, however, excludes five categories of defendants from Proposition 36 drug treatment.  Of relevance is subdivision (b)(4) which excludes "[a]ny defendant who refuses drug

---

[1] All further statutory references are to the Penal Code.

treatment as a condition of probation."  Subdivision (b)(5) excludes "any defendant who (A) has two separate convictions for nonviolent drug possession offenses, (B) has participated in two separate courses of drug treatment pursuant to subdivision (a), and (C) is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment. . ."

It is settled that the failure to report to drug treatment constitutes a refusal to undergo drug treatment.  (*People v. Guzman* (2003) 109 Cal.App.4th 341, 349-350.) Steve Berg, supervisor of the San Luis Obispo County Drug and Alcohol Treatment Program, testified that appellant was twice referred to his agency in 2004 and 2005 for Proposition 36 drug treatment.   On the first occasion, appellant threw a clipboard and walked out of the facility.  On the second referral, appellant was extremely contentious, refused to sign any paperwork, and accused Berg of using a one-way mirror and camera to observe him.

Appellant never completed the intake process.  Although appellant was referred for Proposition 36 orientation multiple times, appellant failed to show up most of the time.  In November 2005, he tested positive for drugs and later admitted using amphetamine.  Berg could not recommend a treatment plan in 2006 because appellant refused to participate.

The prosecution argued that appellant's failure to participate in court-ordered drug treatment rendered him unamenable to treatment.  Appellant claimed that he was sorry for his past actions and was clean and sober during his incarceration.  Appellant wrote to the court that his father had recently died and that he now realized that he had a drug problem.

The trial court found that appellant was granted Proposition 36 treatment three times and failed to appear at intake or review hearings.  In each case, appellant was returned to custody on a warrant and waived treatment.  "[B]ased on his waivers in all [three] cases, [appellant] essentially asked to be removed from the

2

program.  [¶]  So taking into consideration all of the evidence, I do find that there is clear and convincing evidence that he is not amendable to treatment."

*Discussion*

Appellant contends that he is entitled to Proposition 36 treatment as a matter of right despite his past refusal to undergo treatment.  (*See People v. Juhasz* (2013) 220 Cal.App.4th 133, 139.)  "In some instances a defendant's prior failure in treatment may be highly relevant in determining his present amenability to treatment."  (*Id.*, at p. 138.)

Appellant has a long criminal history (33 convictions over 30 years) that includes a conviction for robbery, theft-related offenses, corporal punishment on a child and felony child abuse, passing bad checks, assaultive behavior, false information to a police officer, disturbing the peace, and nine drug offenses. Appellant was referred to Proposition 36 drug treatment on three prior occasions.  In each instance, he was uncooperative, returned to custody on a warrant, and waived further treatment.

The trial court did not err in rejecting appellant's claim that he has changed his ways and was amenable to treatment.  After appellant pled no contest to possession of methamphetamine and was released, he failed to report to probation.  A bench warrant issued and probation was revoked on June 30, 2013.  Where the defendant's conduct reveals "the disingenuousness of his request for drug treatment," the trial court may find him ineligible for Proposition 36 treatment.  (*People v. Guzman, supra,* 109 Cal.App.4th at p. 349.)

In *People v. Castagne* (2008) 166 Cal.App.4th 727 the trial court found that defendant was not amenable to treatment after defendant was granted Proposition 36 probation in two concurrent cases and picked up two more methamphetamine convictions.  (*Id.*, at p. 734.)  Despite her pregnancy and pending jail commitment, defendant continued to use drugs, putting her unborn baby at risk. (*Id.*, at p. 730.)  The trial court found that defendant's intentions to quit using drugs

3

were sincere but inadequate to prevent her from faltering. (*Id.*, at p. 735.) The Court of Appeal reversed on the ground that section 1210.1, subdivision (b)(5) requires two separate courses of drug treatment. (*Id.*, at p. 733.) Defendant received concurrent treatment for two separate offenses which counted as only one course of treatment. The court noted that defendant was sincere about seeking treatment, was participating in treatment, and "the record does not establish with certainty that defendant's acts and omissions evinced a complete refusal to undergo drug treatment." (*Id.*, at p. 736.)

Unlike *Castagne*, appellant was granted Proposition 36 probation three times but failed to enroll in a court-ordered drug treatment program. "We are persuaded that the voters did not intend Proposition 36 to apply to a convicted drug offender, such as [appellant], who has been placed repeatedly on Proposition 36 probation and has repeatedly violated the conditions of such probation by refusing to enroll in a drug treatment program. . . " (*People v. Johnson* (2003) 114 Cal.App.4th 284, 303-304.)

Appellant requests that we reweigh the evidence and find, as a matter of law, there is no clear and convincing evidence that he is unamenable to treatment. The "clear and convincing" standard in section 1210.1, subdivision (a)(5) is for the edification and guidance of the trial court, and was not intended as a standard for appellate review. (*Crail v. Blakely* (1973) 8 Cal.3d 744, 750.) "'The sufficiency of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily a question for the trial court to determine, and if there is substantial evidence to support its conclusion, the determination is not open to review on appeal. [Citations.]" (*Ibid.*; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 371, p. 428.)

*Conclusion*

Section 1210.1, subdivision (b)(5) gives a defendant three chances at rehabilitation, with increasing penalties for conviction, so as to provide a strong

incentive to stop his or her drug usage.  (*People v. Hazle* (2007) 157 Cal.App.4th 567, 572-573; *People v. Guzman, supra,* 109 Cal.App.4th at p. 348.)  Appellant was granted three Proposition 36 chances and refused to complete a court-ordered drug treatment program.  Ample evidence supports the finding that appellant is not amenable to treatment within the meaning of section 1210.1, subdivision (b)(5).

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.


5

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Laurie A. Thrower, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Kimberley J. Baker-Guillemet, Deputy Attorney General, for Plaintiff and Respondent.